**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF KENTUCKY**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| INMET MINING, LLC[1] | ) | Case No. 23-_70113-grs |
| | ) | |
| Debtor. | ) | |
| | ) | Honorable Gregory R. Schaaf |

## ORDER AUTHORIZING DEBTORS TO PAY CERTAIN PERMIT RELATED EXPENSES ON BEHALF OF KOPPER GLO MINING, LLC

Upon consideration of the motion (the "**Motion**")[2] of the Debtor for entry of an order authorizing the Debtor to pay certain permit related expenses on behalf of Kopper Glo Mining; LLOC and it appearing that the relief requested is in the best interests of the Debtor's estates, their creditors, and other parties in interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that the Motion is a core proceeding pursuant to 28 U.S.C. § 157; and adequate notice of the Motion and opportunity for objection having been given, with no objections or requests for hearing having been filed, or all objections having been overruled, as the case may be; and it appearing that no other notice need be given; and after due deliberation and sufficient cause therefore, it is hereby:

1.      ORDERED that the Motion is GRANTED in its entirety; and it is further

---

[1] The Debtor in this Chapter 11 case is INMET Mining, LLC (last four digits of its federal tax identification number is 1693).
[2] Capitalized terms used but not defined herein shall have the same meanings ascribed to them in the Motion.

2. ORDERED that the Debtor is authorized but not required to pay in its discretion, and in consultation with the DIP Lender, all or part of the Kopper Glo permits obligations as set forth in the motion; and it is further

3. ORDERED that the payment of the Obligations shall not be deemed a waiver of any causes of action, including causes of action under chapter 5 of the Bankruptcy Code, that may be held by the Debtor; and it is further

4. ORDERED that Banks are hereby authorized to receive, process, honor, and pay any and all checks evidencing amounts paid by Debtor under this Order whether presented prior to or after the Petition Date. Such Banks are authorized and directed to rely on the representations of the Debtor as to which checks are issued or authorized to be paid pursuant to this Order; and it is further

5. ORDERED that notwithstanding anything to the contrary contained herein, any payments to be made, or authorization contained hereunder, shall be subject to the terms and provisions hereof and subject to compliance with any Financing Order and any Budget approved thereunder. To the extent there is any conflict between this Order and any Financing Order, or the Budget, the terms of such Financing Order or the Budget shall control; and it is further

6. ORDERED that, notwithstanding anything to the contrary contained herein, (a) any payment to be made, or authorization contained hereunder, shall be subject to the requirements imposed on the Debtor under the Debtor's' postpetition financing facility (the "DIP Facility"), or budget in connection therewith, or any order regarding the use of cash collateral, as well as with the consent of the lenders that are party to the DIP Facility, and (b) to the extent that any payment to be made pursuant to this Order is treated as an administrative expense of the Debtor's chapter

11 estate, such claim shall be subject and subordinate to the priorities, liens, claims and security interests, if any, of the lenders under the DIP Facility; and it is further

7. ORDERED that the Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order; and it is further

8. ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such motion and the requirements of Federal Rule of Bankruptcy Procedure 6004 and the Local Bankruptcy Rules are satisfied by such notice; and it is further

9. ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

[*Signature page follows*]

**TENDERED BY:**

/s/Jeffrey K. Phillips
Jeffrey K. Phillips

/s/Nathaniel R. Kissel
Nathaniel R. Kissel
**STEPTOE AND JOHNSON PLLC**
100 W Main Street, Suite 400
Lexington, Kentucky 40507
Tel: (859) 219-8200
Fax: (859) 255-6903
Email:  jeff.phillips@steptoe-johnson.com
       nate.kissel@steptoe-johnson.com

-and-

Arthur M. Standish (*pro hac vice* application forthcoming)
Sarah C. Ellis (*pro hac vice* application forthcoming)
**STEPTOE AND JOHNSON PLLC**
707 Virginia Street East, Chase Tower, 17th Floor
Charleston, West Virginia 25301
Tel: (304) 353-8000
Fax: (304) 353-8180
Email:     art.standish@steptoe-johnson.com
             sarah.ellis@steptoe-johnson.com

**PROPOSED ATTORNEYS FOR DEBTOR-IN-POSSESSION**