# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| **In re:** | ) Chapter 11 |
| | ) |
| **Inmet Mining, LLC** | ) Case No.: 23-70113-grs |
| | ) |
| **Debtor.** | ) Honorable: Gregory R. Schaff |

**INTERIM ORDER ON MOTION FOR ENTRY OF AN ORDER AUTHORIZING, BUT NOT DIRECTING, THE DEBTOR TO: (I) CONTINUE INSURANCE COVERAGE ENTERED INTO PRE-PETITION; AND (II) MAINTAIN THE PAYMENT AND USE OF PRE-PETITION SURETY BONDS ON MINING PERMITS**

This came before this Court upon the motion (the "**Motion**")[1] of the Debtor for entry of an interim order: (i) authorizing the Debtor to continue pre-petition insurance policies and programs by making monthly premium payments; and (ii) authorizing the Debtor to maintain the payment and use of pre-petition surety bonds on mining permits; and appearing that the relief requested is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this Motion is a core proceeding pursuant to 28 U.S.C. § 157; and adequate notice of the Motion and opportunity for objection having been given, with no objection or requests for hearing having been filed, or all objections having been overruled, as the case may be; and it appearing that no other notice need be given; and after due deliberation and sufficient cause therefore, it is hereby:

1. ORDERED that the Motion is GRANTED; and it is further

2. ORDERED that the Debtor is authorized, but not directed, in the reasonable exercise of its business judgment, to: (i) continue insurance coverage currently in effect; (ii) maintain the payment and use of pre-petition surety bonds on mining permits; and (iii) continue

---

[1] Capitalized terms used but not defined herein shall have the same meanings ac

pre-petition insurance policies and programs by making monthly premium payments; and it is further

3. ORDERED that the banks and financial institutions on which checks were drawn, or electronic payment requests were made in payment of pre-petition obligations approved herein, are authorized and, if directed by the Debtor, to receive, process, pay and honor all such checks and electronic payment requests presented for payment, and all such banks and financial institutions are authorized to rely on the Debtor's designation of any particular check or electronic payment request as being approved by this Order; and it is further

6. ORDERED that the Debtor is authorized to issue post-petition checks, or to affect post-petition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored or rejected; and it is further

7. ORDERED that nothing in the Motion or this Order, nor as a result of the Debtor's payment of any pre-petition amounts pursuant to this Order, shall be deemed or construed as an admission as to the validity or priority of any claim against the Debtor or an approval or assumption of any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; and it is further

8. ORDERED that, notwithstanding anything to the contrary contained herein, (a) any payment to be made, or authorization contained hereunder, shall be subject to the requirements imposed on the Debtor under the Debtor's post-petition financing facility (the "DIP Facility"), or budget in connection therewith, or any order regarding the use of cash collateral, and (b) to the extent that any payment to be made pursuant to this Order is treated as an administrative expense of the Debtor's chapter 11 estate, such claim shall be subject and subordinate to the priorities, liens, claims and security interests, if any, of the lenders under the DIP Facility; and it is further

9. ORDERED that the Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order; and it is further

10. ORDERED that the requirements set forth in Federal Rule of Bankruptcy Procedure 6003 are satisfied by the contents of the Motion or otherwise deemed waived; and it is further

11. ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such motion and the requirements of Federal Rule of Bankruptcy Procedure 6004 and the Local Bankruptcy Rules are satisfied by such notice; and it is further

12. ORDERED that notwithstanding, among other things, Bankruptcy Rule 6004, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and is further

13. ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order; and it is further

**14. ORDERED that this Order is being entered on an interim basis and that any party having an objection to the entry of a final order granting the Motion must file such objection, in writing, with this Court on or before _____, 2023 at 4:00 p.m. (prevailing Eastern Time) and serve such objection in accordance with the Federal Rules of Bankruptcy Procedure and the Local Rules. If no objections are timely filed, the Court may enter a final order granting the requested relief without further hearing or notice. If an objection is timely filed, the Motion and objection shall be set for final hearing on _____, 2023 at ___:___ a.m./p.m. (prevailing Eastern Time) before the United States Bankruptcy Court for the Eastern District of Kentucky, 100 East Vine Street, Suite 200, Courtroom _____, Lexington, Kentucky 40507.**

**TENDERED BY:**

/s/ Jeffrey K. Phillips
Jeffrey K. Phillips
**Steptoe & Johnson PLLC**
100 West Main Street, Suite 400
Lexington, Kentucky 40507
Tel: (859) 219-8210
E-mail: jeff.phillips@steptoe-johnson.com

-and-

Sarah C. Ellis (*pro hac vice* application forthcoming)
Arthur M. Standish (*pro hac vice* application forthcoming)
**Steptoe & Johnson PLLC**
707 Virginia Street East, Suite 1700
Charleston, West Virginia 25301
Tel: (304) 353-8127
Tel: (304) 353-8135
E-mail: sarah.ellis@steptoe-johnson.com
          art.standish@steptoe-johnson.com

**PROPOSED ATTORNEYS FOR
DEBTOR AND DEBTOR-IN-POSSESSION**