**UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Inmet Mining, LLC,[1] | ) | Case No. 23-70113-grs |
| | ) | |
| Debtor. | ) | Hon. Gregory R. Schaaf |
| | ) | |

**APPLICATION TO EMPLOY DENTONS
BINGHAM GREENEBAUM LLP AS CO-COUNSEL TO THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS EFFECTIVE AS OF APRIL 19, 2023**

The Official Committee of Unsecured Creditors (the "Committee") of Inmet Mining, LLC, (the "Debtor") submits this application (the "Application") under sections 328(a) and 1103(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules (the "Local Rules") of the United States Bankruptcy Court for the Eastern District of Kentucky for entry of an order authorizing the Committee to retain and employ Dentons Bingham Greenebaum LLP ("Dentons") as co-counsel effective as of April 19, 2023. In support of this Application, the Committee submits the *Declaration of James R. Irving* (the "Irving Declaration"), attached hereto as **Exhibit A**. In further support of this Application, the Committee respectfully states as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief sought herein are sections 328(a) and 1103(a)

---

[1] The last four digits of the Debtor's federal tax identification number is 1693.

22809335.v3

of the Bankruptcy Code, Bankruptcy Rules 2014(a), and Local Rule 2014-1.

## BACKGROUND

3. On April 5, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Kentucky (the "Bankruptcy Court"). Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtor continues to operate its business and manage its property as a debtor-in-possession. No trustee or examiner has been appointed in the Debtor's chapter 11 case.

4. On April 14, 2023 (the "Committee Formation Date"), the United States Trustee (the "U.S. Trustee") appointed the Committee pursuant to section 1102 of the Bankruptcy Code [Docket No. 113]. The Committee consists of five members: (i) the Blackjewel Liquidation Trust, LLC; (ii) Penn Virginia Operating Co., LLC; (iii) Phillips Global, Inc.; (iv) Combs Equipment Group, LLC; and (v) Dinsmore & Shohl LLP.

5. On April 19, 2023, the Committee selected Dentons to serve as co-counsel along with Whiteford Taylor Preston, LLP ("WTP"). Subsequently the Committee selected BDO Consulting Group, LLC ("BDO") as financial advisor.

## RELIEF REQUESTED

6. Pursuant to sections 327, 328(a) and 1103(a) of the Bankruptcy Code, as well as Bankruptcy Rule 2014(a), the Committee hereby seeks the entry of an order authorizing it to retain and employ Dentons as co-counsel to represent the Committee in all aspects of this chapter 11 case and the Debtor's reorganization, effective as of the date upon which the Committee selected Dentons to serve as co-counsel, April 19, 2023.

## DENTONS' QUALIFICATIONS

7. Dentons is well qualified to serve as counsel to the Committee in this case. Dentons

is a full-service law firm with attorneys who regularly advise debtors, creditors' committees, and other parties-in-interest in chapter 11 cases. The firm's professionals have substantial experience in virtually all aspects of the law that may arise in this case. In particular, Dentons' professionals have experience in the areas of bankruptcy, corporate law, litigation, energy, and other relevant areas.

8. Dentons' Restructuring, Insolvency & Bankruptcy Practice Group provides an array of services to assist creditors and creditors' committees in chapter 11 bankruptcy cases, always with the goal of maximizing value and ultimate recoveries in a broad range of challenging circumstances. Certain of the attorneys representing the Committee have previously represented parties in large complex cases before the Court, including, but not limited to: *In re Coal Network, LLC*, Case No. 22-10098 (TNW) (Bankr. E.D. Ky. 2022); *In re GenCanna Global USA, Inc.*, Case No. 20-50133 (GRS) (Bankr. E.D. Ky. 2020); *In re Innovative Mattress Solutions, LLC*, Case No. 19-50042 (GRS) (Bankr. E.D. Ky. 2019); and *In re Fortress Resources, LLC*, Case No. 15-70730 (TNW) (Bankr. E.D. Ky 2015). Certain of the attorneys representing the Committee have also previously represented creditors' committees in other large chapter 11 case, including, but not limited to, the following recent matters: *In re Charles Deweese Construction, Inc.*, Case No. 22-10355 (JAL) (Bankr. W.D. Ky. 2022); *In re Bear Communications, LLC*, Case No. 21-10495 (DLS) (Bankr. D. Kansas 2021); *In re Alto Maipo Delaware LLC, et al.*, Case No. 21-11507 (KBO) (Bankr. D. Delaware 2021); *In re Hartshorn Holdings, LLC, et al.*, Case No. 20-40133 (ACS) (Bankr. W.D. Ky. 2020); *In re Dura Automotive Systems, LLC et al.*, Case No. 19-12378 (KBO) (Bankr. D. Delaware 2019); *In re hhgregg*, Inc., Case No. 17-01302 (RML) (Bankr. S.D. Ind. 2017); *In re Chieftain Steel, LLC et al.*, Case No. 16-10407 (JAL) (Bankr. W.D. Ky. 2016); and

22809335.v4

*In re Triple S Tire Co., LLC*, Case No. 15-00107-JMC-11 (Bankr. S.D. Ind. 2015).

9.  Dentons is familiar with the Debtor's business, the nature of certain of the claims asserted against the Debtor, and the posture of the chapter 11 case. Immediately after the Committee requested that Dentons represent it, Dentons spent significant amounts of time to familiarize itself with all aspects of the chapter 11 case. If the Committee were to retain new counsel, considerable time and effort would need to be spent by that new counsel so that it was familiar with the Debtors' business and the chapter 11 case.

## SERVICES TO BE PROVIDED

10.  The Committee anticipates that Dentons will render general legal services to the Committee as needed throughout the course of the chapter 11 case, with a focus on bankruptcy, corporate, real estate, finance, litigation, and tax advice. In particular, the Committee anticipates that Dentons will perform, among others, the following legal services:

   a.  Advise the Committee with respect to its rights, duties and powers in this case;

   b.  Assist and advise the Committee in its consultations with the Debtor relating to the administration of this case;

   c.  Assist the Committee in analyzing the claims of the Debtor's creditors and the Debtor's capital structure and in negotiating with the holders of claims and, if appropriate, equity interests;

   d.  Assist the Committee's investigation of the acts, conduct, assets, liabilities and financial condition of the Debtor and other parties involved with the Debtor, and of the operation of the Debtor's business;

   e.  Assist the Committee in its analysis of, and negotiations with the Debtor or any other third party concerning matters related to, among other things, the assumption or rejection of certain leases of non-residential real property and executory contracts, asset dispositions, financing transactions and the terms of a plan of reorganization or liquidation for the Debtor;

   f.  Assist and advise the Committee as to its communications, if any, to the general creditor body regarding significant matters in this case;

    g.      Represent the Committee at all hearings and other proceedings;

    h.      Review, analyze, and advise the Committee with respect to applications, orders, statements of operations and schedules filed with the Court;

    i.      Assist the Committee in preparing pleadings and applications as may be necessary in furtherance of the Committee's interests and objectives; and

    j.      Perform such other services as may be required and are deemed to be in the interests of the Committee in accordance with the Committee's powers and duties as set forth in the Bankruptcy Code.

11. Dentons has agreed to act on behalf of, and to render such services to, the Committee. Dentons will be associating with WTP for the purposes of this chapter 11 case and will at all times endeavor to avoid any duplication of effort. Matters involving a party with whom Dentons has a conflict or potential conflict will be handled by WTP. Dentons and WTP have experience serving as co-counsel with one another to effectively and efficiently represent a committee in a coal bankruptcy case, as they recently did so in *In re Hartshorn Holdings, LLC, et al.*, Case No. 20-40133 (ACS) (Bankr. W.D. Ky. 2020).

12. The Committee requires knowledgeable counsel to render to it the essential, professional services required in the chapter 11 case. As noted above, Dentons has substantial expertise in all of the relevant areas. Accordingly, the Committee respectfully submits that Dentons is well qualified to perform these services and represent the Committee's interests in the chapter 11 case.

## DENTON'S DISINTERESTEDNESS

13. While section 1103 of the Bankruptcy Code governs the retention of professionals by a committee, section 327 of the Bankruptcy Code governs retention of professionals by the trustee or the debtor-in-possession. *See* 11 U.S.C. §§ 1103 and 327(a). This Court, therefore, need not look past section 1103 of the Bankruptcy Code to determine whether Dentons is qualified to

22809335.v4

serve as Committee counsel. *In re Universal Building Products*, 486 B.R. 650, 662 (Bankr. D. Del. 2010) (finding that Committee counsel need not be "disinterested" under section 327 of the Bankruptcy Code to be retained under section 1103 of the Bankruptcy Code). Nevertheless, to the extent that section 327 of the Bankruptcy Code does apply to Dentons' retention, Dentons satisfies the requirements provided therein because it is disinterested.

14. To the best of the Committee's knowledge, except as set forth in the Irving Declaration, Dentons, its partners, counsel and associates (a) are not creditors, equity security holders or insiders of the Debtor, (b) are not and were not, within two years before the Petition Date, directors, officers or employees of the Debtor, (c) do not hold or represent any interest materially adverse to the interest of the Debtor's estates, and (d) are not related to any judge of this Court, the U.S. Trustee or any employee of the U.S. Trustee in this District. No immediate family member of any Dentons employee holds stock in the Debtor. For all purposes under this application, Dentons ran conflicts checks across the entire Dentons United States LLP database.

15. Accordingly, the Committee believes that Dentons its partners, counsel and associates are "disinterested persons" within the meaning of section 101(14), as modified by section 1107(b) of the Bankruptcy Code, and that Dentons' representation of the Committee is permissible under sections 328(a) and 1103(a) of the Bankruptcy Code.

16. Dentons will conduct continuing inquiries into any matters that would affect its disinterested status. In the event additional disclosure is necessary, Dentons will file a supplemental verified statement setting forth any facts and circumstances relevant thereto.

## PROFESSIONAL COMPENSATION

17. Subject to the Court's approval of this Application, Dentons intends to (a) charge for its legal services on an hourly basis as disclosed herein and (b) seek reimbursement of actual

22809335.v4

and necessary out-of-pocket expenses. The names, positions and current hourly rates of the Dentons lawyers and paraprofessionals currently expected to have primary responsibility for providing services to the Committee are set forth in the Irving Declaration. The hourly rates charged by Dentons professionals differ based on, among other things, the professional's level of experience and the rates normally charged in the location of the office in which the professional is a resident.

18. Dentons will maintain detailed, contemporaneous records of time and any actual and necessary expenses incurred in connection with rendering the legal services described above. Dentons intends to apply to the Court for compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, any guidelines promulgated by the U.S. Trustee, and any additional procedures that have or may be adopted by the Court in the Chapter 11 case. Dentons has agreed to accept as compensation such sums as may be allowed by the Court. Dentons understands that fee awards are subject to approval by the Court.

## RELIEF EFFECTIVE AS OF THE DATE DENTONS WAS SELECTED AS COUNSEL IS WARRANTED

19. Orders approving the retention of a professional retroactive to the date they were first engaged by a party "are within the bankruptcy court's power to grant, at least to the extent the exercise of that power is consistent with and does not frustrate the purposes behind [the applicable provisions of the Bankruptcy Code]." *In re Aultman Enterprises*, 264 B.R. 485, 492 (E.D. Tenn. 2001). Indeed, "in any Chapter 11 filing there will likely be a 'gap' between the time of commencement of the case or commencement of services by a professional until the order of employment is entered" and courts have found "as a convenient presumption" that a 30 day "gap" is appropriate for retention retroactive to a prior date. *In re Martin*, 102 B.R. 653, 656 (Bankr.

22809335.v4

W.D. Tenn. 1989) (citing *In re Sinor*, 87 B.R. 620, 623 (Bankr. E.D. Cal. 1988)); *see also In re Mallinckrodt PLC*, Case No. 20-12522 (JTD), 2002 WL 906462 at *6–10 (D. Del. Mar. 28, 2022) (recognizing authority of bankruptcy courts to authorize employment of counsel retroactively, and noting that the Supreme Court's *Acevedo* opinion does not bar retroactive approval).

20. Courts within the Sixth Circuit frequently apply the nine factors identified in in *In re Twinton Properties Partnership*, 27 B.R. 817 (Bankr. M.D. Tenn. 1983), to determine if a professional's retention may be approved retroactively. *See e.g., In re Aultman*, 264 B.R. 485 at 492; *In re Alexander*, 469 B.R. 684, 686 (W.D. Ky. 2012); *In re Integrity Supply, Inc.*, 417 B.R. 514, 519 (S.D. Ohio. 2009); *but compare, In re Greektown Holdings, L.L.C.*, 2010 WL 7343848, at * 2-3 (Bankr. E.D. Mich., March 26, 2010) (acknowledging that *Twinton* factors are "at best a useful guide" to determine whether to grant a retention application retroactively and focusing instead on whether "exceptional circumstances" exists to grant relief).

21. Here, Dentons satisfies each of the *Twinton* factors and, therefore, the Dentons' retention should be approved effective as of April 19, 2023, the date that the Committee selected Dentons as counsel. The "gap" between the Committee's retention of Dentons and the Application's filing was necessary because Dentons had to focus on representing the interests of their constituency first and finalizing conflict checks to make necessary disclosures and drafting the Application. The "gap" in this case is within the 30-day "convenient presumption" of what is appropriate for retroactive retention and is consistent with practice in the Eastern District of Kentucky.

22. The *Twinton* factors support retroactive retention of the Committee Professionals

8

as well.  Specifically:

    a.    The Committee expressly contracted to retain Dentons;

    b.    The Committee supports the entry of orders approving Dentons' retention effective as of April 19, 2023;

    c.    Dentons is providing adequate notice of the Application and an opportunity for parties to file objections;

    d.    Dentons does not anticipate any objections to the Application;

    e.    Dentons has satisfied all criteria for employment under the Bankruptcy Code and remains qualified;

    f.    Dentons began rendering service to the Committee immediately after being selected as counsel, and believes its work has been performed properly, efficiently, and at a high standard;

    g.    There would be no actual or potential prejudice to the Debtor's bankruptcy estate by allowing Dentons to be retained effective as of April 19, 2023.  Dentons' attorneys filed notices of appearances on April 21, 2023, so the Application is no surprise to the Debtor or other parties in interest;

    h.    Dentons' "failure" to seek pre-employment approval is easily explainable.  Dentons was only recently retained and quickly drafted the Application for the Committee's review and filing; and

    i.    Dentons has not exhibited a pattern of inattention or negligence.

*In re Twinton Properties Partnership*, 27 B.R. at 819.

23.    Accordingly, the Committee believes that Dentons' retention effective as of the date the Committee selected Dentons to serve as counsel is appropriate under the circumstances, and respectfully requests that the Court enter an order approving Dentons' retention effective as of April 19, 2023.

## **NOTICE**

24.    Notice is hereby given that the foregoing has been filed with the Court. Any party objecting to this Application must file such objection in writing with the Clerk of the Court along

with notice for hearing and shall serve a copy on all persons receiving electronic notifications in the Chapter 11 Case. The objection must set forth the grounds for the objection and must be filed within fourteen (14) days of the date of this Application. In the event that no objections are filed, the Court may enter an order granting the Application without a hearing.

[*remainder of page intentionally left blank*]

WHEREFORE, the Committee respectfully requests that the Court enter an order: (i) granting the Application, (ii) authorizing the Committee to retain and employ Dentons as the Committee's co-counsel: and (iii) granting such other and further relief as the Court deems just and proper.

Dated: May 11, 2023    THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF INMET MINING, LLC

/s/ David J. Beckman
Blackjewel Liquidation Trust, LLC
By:    David J. Beckman, in his capacity as Trustee

Solely in his capacity as Representative of the Chair of the Official Committee of Unsecured Creditors of INMET Mining, LLC

| | |
|---|---|
| /s/ *James R. Irving* | Michael J. Roeschenthaler |
| James R. Irving | WHITEFORD, TAYLOR & PRESTON LLP |
| April A. Wimberg | 11 Stanwix Street, Suite 1400 |
| DENTONS BINGHAM GREENEBAUM LLP | Pittsburgh, PA 15222 |
| 3500 PNC Tower, 101 S. Fifth Street | Telephone: |
| Louisville, Kentucky 40202 | E-mail:   MRoeschenthaler@whitefordlaw.com |
| Telephone:  (502) 587-3606 | |
| E-mail:  james.irving@dentons.com | -and- |
|         april.wimberg@dentons.com | |
| | Brandy M. Rapp |
| *Proposed co-counsel to the Committee* | WHITEFORD, TAYLOR & PRESTON LLP |
| | 10 S. Jefferson Street, Suite 1110 |
| | Roanoke, VA  24011 |
| | Telephone: (540) 759-3577 |
| | E-mail:    BRapp@whitefordlaw.com |
| | |
| | -and- |
| | |
| | Joshua D. Stiff |
| | WHITEFORD, TAYLOR & PRESTON LLP |
| | 249 Central Park Avenue, Suite 300 |
| | Virginia Beach, VA 23462 |
| | Telephone: (757) 271-9751 |
| | E-mail:    JStiff@whitefordlaw.com |
| | |
| | *Proposed co-counsel to the Committee* |

11

22809335.v4

**CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing was served this 11th day of May, 2023, electronically in accordance with the method established under this Court's CM/ECF Administrative Procedures, upon all parties in the electronic filing system in this case. On May 12th the undersigned will cause a copy of the foregoing to be served on all remaining parties included on the Master Service list who have not received notice via CM/ECF via first-class United States Mail.

                                  */s/ James R. Irving*
                                  *Proposed Counsel for the Official Committee of Unsecured Creditors*

22809335.v4