IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| INMET MINING, LLC,[1] | ) | Case No. 23-70113-grs |
|  | ) |  |
| Debtor. | ) | Honorable Gregory R. Schaaf |
|  | ) |  |

**ORDER (I) SETTING A BAR DATE FOR FILING
PROOFS OF CLAIM, (II) SETTING A BAR DATE FOR THE FILING OF PROOFS OF CLAIM BY GOVERNMENTAL UNITS, (III) SETTING A BAR DATE FOR THE FILING OF REQUESTS FOR ALLOWANCE OF ADMINISTRATIVE CLAIMS, INCLUDING CLAIMS ARISING UNDER SECTION 503(B) OF THE BANKRUPTCY CODE (IV) SETTING AN AMENDED SCHEDULES BAR DATE, (V) SETTING A REJECTION DAMAGES BAR DATE, (VI) APPROVING THE FORM OF AND MANNER FOR FILING PROOFS OF CLAIM, (VII) APPROVING NOTICE OF THE BAR DATES, AND (VIII) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of the above-captioned debtor and debtor in possession (the "**Debtor**") for entry of this Bar Date Order: (i) setting a bar date for filing proofs of claim, (ii) setting a bar date for the filing of proofs of claim by governmental units, (iii) setting a bar date for the filing of requests for allowance of administrative claims, including claims arising under section 503(b) of the Bankruptcy Code (iv) setting an amended schedules bar date, (v) setting a rejection damages bar date, (vi) approving the form of and manner for filing proofs of claim, (vii) approving notice of the bar dates, and (viii) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtor's notice of the Motion

---

[1] The Debtor in this Chapter 11 case is INMET Mining, LLC (last four digits of its federal tax identification number are 1693).

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion

4879-8513-4954

was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "**Hearing**"); and all objections having been withdrawn, overruled, or otherwise resolved; and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

**I.     The Bar Dates and Procedures for Filing Proofs of Claim and Administrative Claims.**

2. Each entity that asserts a claim against the Debtor that arose before the Petition Date shall be required to file an original, written proof of claim on Official Form 410. Except in the cases of governmental units and certain other exceptions explicitly set forth herein, all proofs of claim must be filed so that they are actually received on or before **July 19, 2023, at 11:59 p.m. (prevailing Eastern Time)** (the "**Claims Bar Date**"). The Claims Bar Date applies to all types of claims against the Debtor that arose or are deemed to have arisen before the Petition Date, except for claims specifically exempt from complying with the Claims Bar Date as set forth in this Bar Date Order.

3. All governmental units holding claims (whether secured, unsecured priority, or unsecured non-priority) that arose (or are deemed to have arisen) prior to the Petition Date, must file proofs of claim, including claims for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtor was a party, so that such proofs of claim are actually received on or before **October 2, 2023, at 11:59 p.m. (prevailing Eastern Time)** (the "**Governmental Bar Date**").

4. All parties asserting a request for payment of Administrative Claims arising under section 503(b) or arising between the Petition Date and the Claims Bar Date, but excluding (a) claims for fees and expenses of professionals retained in these proceedings, and (b) claims held by governmental entities covered by section 503(b)(1)(B) or (C) of the Bankruptcy Code, are required to file a request for payment of such Administrative Claim with the Court on or before **July 19, 2023, at 11:59 p.m. (prevailing Eastern Time)** (the "**Administrative Claims Bar Date**"); provided that the Administrative Claims Bar Date shall not apply to claims entitled to administrative priority that arise on or after the Administrative Claims Bar Date in the ordinary course of the Debtor's business.

5. If the Debtor files a previously unfiled Schedule or amends or supplements the Schedules after having given notice of the Bar Dates, the Debtor shall give notice by first-class mail of any filing, amendment or supplement to holders of claims affected thereby, and the deadline for those holders to file proofs of claim, if necessary, be set as the later of (a) the Claims Bar Date (or for governmental units, the Governmental Bar Date) or (b) 11:59 p.m. prevailing Eastern Time on the date that is 30 days from the date the notice of the filing, amendment or supplement is given (or another time period as may be fixed by the Court) (the "**Amended Schedules Bar Date**").

6. Unless otherwise ordered, all parties asserting claims arising from the rejection of executory contracts and unexpired leases of the Debtor shall file a proof of claim on account of such rejection by the later of: (a) the Claims Bar Date (or for governmental units, the Governmental Bar Date); or (b) 11:59 p.m. prevailing Eastern Time on the date that is 30 days following entry of an order approving the rejection of any such executory contract or unexpired lease (the "**Rejection Damages Bar Date**" and, together with the other bar dates requested herein, the "**Bar Dates**").

7. All proofs of claim must be filed so as to be actually received by the Clerk of Court for the United States Bankruptcy Court for the Eastern District of Kentucky by mail or by electronic filing through the Court's electronic proof of claim ("**ePOC**") system by the applicable Bar Dates. In addition, all Administrative Claims must be filed with the Court so as to be actually received by the Clerk of Court by the Administrative Claims Bar Date. If proofs of claim and Administrative Claims are not received by the Court, as applicable, on or before the applicable Bar Dates, except in the case of certain exceptions explicitly set forth herein, the holders of the underlying claims shall be barred from asserting such claims against the Debtor and precluded from voting on any chapter 11 plans filed in this Chapter 11 Case and/or receiving distributions from the Debtor on account of such claims in this Chapter 11 Case.

II.     **Parties Required to File Proofs of Claim and Administrative Claims**.

8. The following categories of claimants shall be required to file a Proof of Claim or Administrative Claim by the applicable Bar Date:

   a. any entity whose claim against the Debtor is not listed in the Debtor's Schedules or is listed as "contingent," "unliquidated," or "disputed" and if such entity desires to participate in this Chapter 11 Case or share in any distribution in this Chapter 11 Case;

   b. any entity who believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have its claim allowed in a different classification or amount other than that identified in the Schedules;

   c. any entity who believes that its claim against the Debtor is or may be an administrative expense that arises between the Petition Date and the Administrative Claims Bar Date, excluding claims for fees and expenses of professionals retained in this case and claims held by governmental entities covered by section 503(b)(1)(B) or (C) of the Bankruptcy Code; and

   d. any entity who believes that its claim against the Debtor is or may be entitled to priority under section 503(b) of the Bankruptcy Code.

4879-8513-4954

**III.   Parties Exempted from the Bar Dates.**

9.   The following categories of claimants shall not be required to file a Proof of Claim or Administrative Claim Arising by the applicable Bar Date:

   a. any entity that already has filed a signed proof of claim against the respective Debtor(s) with the clerk of the Court using Official Form 410;

   b. any entity whose claim is listed on the Schedules if: (i) the claim is not scheduled as any of "disputed," "contingent," or "unliquidated;" and (ii) such entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules;

   c. any entity whose claim has previously been allowed by order of the Court;

   d. any entity whose claim has been paid in full by the Debtor pursuant to the Bankruptcy Code or in accordance with an order of the Court;

   e. any holder of an equity interest in the Debtor need not file a proof of interest with respect to the ownership of such equity interest at this time; provided, however, that any holder of an equity interest who wishes to assert a claim against the Debtor, including a claim relating to such equity interest or the purchase or sale of such interest, must file a proof of claim asserting such claim on or prior to the Claims Bar Date pursuant to procedures set forth herein;

   f. a current employee of the Debtor, if an order of this Court authorized the Debtor to honor such claim in the ordinary course of business for wages, commissions, or benefits; provided, however, that a current employee must submit a proof of claim by the Claims Bar Date for all other claims arising before the Petition Date, including claims for wrongful termination, discrimination, harassment, hostile work environment, and/or retaliation;

   g. any entity holding a claim for which a separate deadline is fixed by the Court;

   h. pursuant to section 503(b)(1)(D) of the Bankruptcy Code, governmental entities holding claims covered by section 503(b)(1)(B) or (C) of the Bankruptcy Code; and

   i. claims for fees and expenses of professionals retained in this case.

**IV.   Kentucky Utilities Company.**

10.   Notwithstanding anything to the contrary herein, Kentucky Utilities Company, including its Old Dominion Power Company unit ("**KU**") and the Debtor previously agreed that KU shall be deemed to hold an allowed post-petition administrative expense claim for all unpaid

post-petition amounts incurred by the Debtor as set forth in that *Final Order Pursuant to 11 U.S.C. §§ 105(a) and 366(c) Prohibiting Utilities from Discontinuing, Altering, or Refusing Service* (Docket No. 297) (the "**Final Utilities Order**"). Pursuant to the Final Utilities Order, KU may file an Administrative Claim to establish the amount of any unpaid post-petition bill having a due date before July 19, 2023 and KU is not required to file an Administrative Claim for utilities provided to the Debtor prior to the Administrative Claims Bar Date (1) where the due date of the bill is on or after July 19, 2023 or (2) for which utilities the Debtor will not have been invoiced for prior to July 19, 2023. Further, as set forth in the Final Utilities Order, KU is not required to file a proof of claim for any pre-petition amounts owing to it as of the Petition Date because those amounts have been allowed and satisfied.

V.    **Substantive Requirements for Proofs of Claim**.

11.    The following requirements shall apply with respect to filing and preparing each Proof of Claim:

- a. <u>Contents</u>. Each proof of claim must: (i) use the Official Form 410; (ii) be written in English; (iii) include a claim amount denominated in United States dollars; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant.

- b. <u>Supporting Documentation</u>. Each proof of claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d). If, however, such documentation is voluminous, upon prior written consent of Debtor's counsel, such proof of claim may include a summary of such documentation or an explanation as to why such documentation is not available; provided, however, that any creditor that received such written consent shall be required to transmit such writings to Debtor's counsel upon request no later than ten (10) days from the date of such request.

- c. <u>Timely Service</u>. Each proof of claim must be filed, including supporting documentation, so that such proof of claim is actually received by the Clerk of Court for the United States Bankruptcy Court for the Eastern District of Kentucky by mail or by filing the proof of claim through the Court's ePOC system by applicable Bar Date. Nothing shall prohibit a party from filing a proof of claim through the Court's CM/ECF filing system.

12. The Debtor shall mail notice of the Bar Dates only to its known creditors, and such mailing shall be made to the last known mailing address for each such creditor.

13. No later than two (2) business days after the Court enters this Bar Date Order, the Debtor shall cause a written notice of the Bar Dates, substantially in the form attached hereto as **Exhibit 1** (the "**Bar Date Notice**") and a copy of the Official Form 410 and form instructions (together, the "**Bar Date Package**") to be mailed via first class mail to the following entities:

   a. All known potential claimants and their counsel (if known), including all entities listed in the Schedules as potentially holding claims;

   b. the Office of the United States Trustee for the Eastern District of Kentucky;

   c. the Office of the United States Attorney for the Eastern District of Kentucky;

   d. all entities that have requested notice in this Chapter 11 Case pursuant to Bankruptcy Rule 2002 as of the date the Bar Date Order is entered;

   e. all state attorneys general for the states in which the Debtor conducts business;

   f. all taxing authorities for the jurisdictions in which the Debtor maintains or conducts business;

   g. the Kentucky Department of Revenue;

   h. the Tennessee Department of Revenue;

   i. the Virginia Department of Revenue;

   j. the United States Internal Revenue Service;

   k. all federal and state environmental protection agencies for the jurisdictions in which the Debtor held property or conducted business as of the Petition Date;

   l. all known non-Debtor equity and interest holders of the Debtor as of the date the Bar Date Order is entered;

   m. all entities who are party to executory contracts and unexpired leases with the Debtor;

   n. all entities who are party to litigation with the Debtor; and

   o. the Debtor's employees

14. After the initial mailing of the Bar Date Packages, the Debtor may, in its discretion, make supplemental mailings of notices or packages, including in the event that: (a) notices are returned by the post office with forwarding addresses; (b) certain parties acting on behalf of parties in interest decline to pass along notices to these parties and instead return their names and addresses to the Debtor for direct mailing, and (c) additional potential claimants become known as the result of the Bar Date mailing process. In this regard, the Debtor may make supplemental mailings of the Bar Date Package in these and similar circumstances at any time up to 21 days in advance of the Bar Date, with any such mailings being deemed timely and the appropriate Bar Date being applicable to the recipient creditors.

15. If notices are returned as "return to sender" without a forwarding address, the Debtor shall not be required to mail additional notices to such creditors.

## VI. **Consequences of Failure to File a Proof of Claim.**

16. Subject to section 506(d)(2) of the Bankruptcy Code, any entity who is required, but fails, to file a proof of claim or an Administrative Claim in accordance with this Bar Date Order on or before the applicable Bar Dates may be forever barred, estopped, and enjoined from asserting such claim against the Debtor (or filing a proof of claim or Administrative Claim arising prior to the Administrative Claims Bar Date with respect thereto) and the Debtor and its property may be forever discharged from any and all indebtedness or liability with respect to or arising from such claim. Without limiting the foregoing sentence, any creditor asserting an Administrative Claim entitled to priority pursuant to section 503(b) of the Bankruptcy Code, including section 503(b)(9), that fails to file an Administrative Claim in accordance with this Bar Date Order shall not be entitled to any priority treatment on account of such claim, regardless of whether such claim is identified on Schedule F of the Schedules as not contingent, not disputed, and not unliquidated.

**VII.    Miscellaneous**.

17.    The Debtor reserves all rights to contest any claims filed or asserted in this Chapter 11 Case.

18.    The Debtor does not waive any claims it may have against any party that files a proof of claim or Administrative Claim.

19.    Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules of Bankruptcy Procedure for the Eastern District of Kentucky (the "**Local Rules**") are satisfied by such notice.

20.    Nothing herein is intended or should be construed as: (a) an admission as to the validity of any claim; (b) a waiver of the Debtor's right to dispute any claim on any grounds; (c) a promise or requirement to pay any amount based on any claim; (d) an admission that any particular claim is of a type specified or defined hereunder; or (e) a waiver of the Debtor's rights under the Bankruptcy Code, Bankruptcy Rules, or Local Rules.

21.    Nothing herein shall create, nor is intended to create, any rights in favor of, or enhance the status of, any claim held by any person or entity.

22.    Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

23.    All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

24.    The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

4879-8513-4954

25. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

TENDERED BY:

*/s/ Chacey R. Malhouitre*
Mary Elisabeth Naumann (KY Bar # 88328)
Chacey R. Malhouitre (KY Bar # 91019)
JACKSON KELLY PLLC
100 W. Main Street, Ste. 700
Lexington, KY 40507
Telephone: (859) 255-9500
Facsimile: (859) 252-0688
E-mail:  mnaumann@jacksonkelly.com
chacey.malhouitre@jacksonkelly.com
*Counsel to Debtor and Debtor-in-Possession*

## Exhibit 1

**Bar Date Notice**

4879-8513-4954

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| INMET MINING, LLC,[1] | ) Case No. 23-70113-grs |
| Debtor. | ) Honorable Gregory R. Schaaf |

**NOTICE OF DEADLINES FOR FILING OF (I) PROOFS OF CLAIM, (II) GOVERNMENTAL CLAIMS, (III) ADMINISTRATIVE CLAIMS, (IV) AMENDED SCHEDULE CLAIMS, AND (V) REJECTION DAMAGE CLAIMS**

**TO:   ALL PERSONS AND ENTITIES WHO MAY HAVE CLAIMS AGAINST THE DEBTOR**

On April 5, 2023 (the "**Petition Date**"), INMET Mining, LLC (the "**Debtor**") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Eastern District of Kentucky ("**Court**").

On _____, 2023 the Court entered an order [Docket. No. ___] the ("**Bar Date Order**")[2] establishing certain dates by which parties holding prepetition claims against the Debtor must file (a) proofs of claim ("**Proofs of Claim**"), including claims by governmental units, and Rejection Damages Claims, and (b) requests for payment of Administrative Claims.

For your convenience, enclosed with this notice (this "**Notice**") is the Official Form 410.

This Notice sets forth the applicable deadlines by which all entities, including governmental units, that have claims against the Debtor must file proofs of claim so that their proofs of claim are received on or before 11:59 p.m. (prevailing Eastern Time), on the applicable Bar Date, as detailed below, by the Court at the following address:

Clerk of Court
U.S. Bankruptcy Court, Eastern District of Kentucky
100 E. Vine Street, Suite 200
Lexington, KY 40507-1430

Alternatively, proofs of claims, other than Administrative Claims, may be filed

---

[1]   The Debtor in this Chapter 11 case is INMET Mining, LLC (last four digits of its federal tax identification number are 1693).

[2]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Bar Date Order.

4879-8513-4954

electronically at:

    https://www.kyeb.uscourts.gov/electronic-proof-claim-epoc-and-related-documents

As used in this Notice, the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code, and includes all persons, estates, trusts, governmental units, and the Office of the United States Trustee for the Eastern District of Kentucky. In addition, the terms "persons" and "governmental units" are defined in sections 101(41) and 101(27) of the Bankruptcy Code, respectively.

As used in this Notice, the term "claim" means, as to or against the Debtor and in accordance with section 101(5) of the Bankruptcy Code: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

## I.    THE BAR DATES

The Bar Date Order establishes the following bar dates for filing Proofs of Claim in this chapter 11 case (the "**Bar Dates**").

    a.    The Claims Bar Date. Pursuant to the Bar Date Order, except as described below, all entities holding claims against the Debtor that arose or are deemed to have arisen prior to the commencement of this case on the Petition Date, are required to file Proofs of Claim so that such Proofs of Claim are actually received by the Clerk of Court for the United States Bankruptcy Court for the Eastern District of Kentucky by (a) mailing the Proof of Claim to the Clerk of Court at the address above, or (b) electronically filing the Proof of Claim using the Court's electronic proof of claim ("**ePOC**")[3] filing system, **by the "Claims Bar Date" (i.e., on or before July 19, 2023, at 11:59 p.m. (prevailing Eastern Time))**. The Claims Bar Date applies to all secured and general unsecured, non-priority proofs of claim against the Debtor that arose prior to the Petition Date.

    b.    The Governmental Bar Date. Pursuant to the Bar Date Order, all governmental units holding claims against the Debtor that arose or are deemed to have arisen prior to the commencement of this case on the Petition Date are required to file Proofs of Claim so that such Proofs of Claim are actually received by the Clerk of Court for the United States Bankruptcy Court for the Eastern District of Kentucky by (a) mailing the Proof of Claim to the Clerk of Court at the address above, or (b) electronically filing the Proof of Claim using the Court's ePOC filing system, **by the "Governmental Bar Date" (i.e., on or before October 2, 2023, at 11:59 p.m. (prevailing Eastern Time))**. The Governmental Bar Date applies to all governmental units holding claims against the Debtor (whether secured, unsecured priority, or unsecured non-priority) that arose prior to the Petition Date, including, without limitation, governmental units with claims

---

[3]    Nothing shall prevent a party from using the Court's CM/ECF system to file a proof of claim if it has access.

2

4879-8513-4954

    against the Debtor for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtor was a party.

    c. <u>The Administrative Claims Bar Date</u>. Pursuant to the Bar Date Order, all claimants holding "**Administrative Claims**" against the Debtor's estate, including but not limited to, administrative claims (i) arising under section 503(b) of the Bankruptcy Code or (ii) arising between the Petition Date and the Administrative Claims Bar Date, excluding (x) claims for fees and expenses of professionals retained in this case, and (y) claims held by governmental entities covered by section 503(b)(1)(B) or (C) of the Bankruptcy Code, are required to file a request for payment of such Administrative Claim with the Court, **by the "<u>Administrative Claims Bar Date</u>" (i.e., on or before July 19, 2023, at 11:59 p.m. (prevailing Eastern Time))**.

    d. <u>The Amended Schedules Bar Date</u>. Pursuant to the Bar Date Order, all parties asserting claims against the Debtor's estate that are affected by a previously unfiled Schedule or amendment or supplement to the Schedules are required to file proofs of claim so that such proofs of claim are actually received by the Clerk of Court for the United States Bankruptcy Court for the Eastern District of Kentucky by (a) mailing the Proof of Claim to the Clerk of Court at the address above, or (b) electronically filing the Proof of Claim using the Court's ePOC filing system, **by the "<u>Amended Schedules Bar Date</u>" (i.e., by the later of (y) the Claims Bar Date (or for governmental units, the Governmental Bar Date) or (z) 11:59 p.m. (prevailing Eastern Time), on the date that is 30 days from the date on which the Debtor provides notice of such filing, amendment or supplement)**.

    e. <u>The Rejection Damages Bar Date</u>. Pursuant to the Bar Date Order, all parties asserting claims against the Debtor's estate arising from the Debtor's rejection of an executory contract or unexpired lease are required to file proofs of claim so that such proofs of claim are actually received by the Clerk of Court for the United States Bankruptcy Court for the Eastern District of Kentucky by (a) mailing the Proof of Claim to the Clerk of Court at the address above, or (b) electronically filing the Proof of Claim using the Court's ePOC filing system, **by the "<u>Rejection Damages Bar Date</u>" (i.e., by the later of (y) the Claims Bar Date (or for governmental units, the Governmental Bar Date) or (z) 11:59 p.m. (prevailing Eastern Time), on the date that is 30 days following entry of an order approving such rejection)**.

**II.    WHO MUST FILE A PROOF OF CLAIM OR ADMINISTRATIVE CLAIM?**

Except as otherwise set forth herein, the following entities holding claims against the Debtor arising prior to the Petition Date <u>must</u> file Proofs of Claim or Administrative Claims on or before the applicable Bar Date:

    a. any entity whose claim against the Debtor is not listed in the Debtor's Schedules or is listed as "contingent," "unliquidated," or "disputed" and if such entity desires to participate in this Chapter 11 Case or share in any distribution in this Chapter 11 Case;

b.  any entity who believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have its claim allowed in a different classification or amount other than that identified in the Schedules;

c.  any entity who believes that its claim against the Debtor is or may be an administrative expense that arises between the Petition Date and the Administrative Claims Bar Date, excluding claims for fees and expenses of professionals retained in this case and claims held by governmental entities covered by section 503(b)(1)(B) or (C) of the Bankruptcy Code; and

d.  any entity who believes that its claim against the Debtor is or may be entitled to priority under section 503(b) of the Bankruptcy Code.

The provisions in the Bar Date Order regarding KU under are incorporated in this Notice.

### III.    PARTIES WHO DO NOT NEED TO FILE PROOFS OF CLAIM

Certain parties are not required to file Proofs of Claim or Administrative Claims arising prior to the Administrative Claims Bar Date. The Court may, however, enter one or more separate orders at a later time requiring creditors to file Proofs of Claim or Administrative Claims for some kinds of the following claims and setting related deadlines. If the Court does enter such an order, you will receive notice of it. The following entities holding claims that would otherwise be subject to the Bar Dates need not file Proofs of Claims or Administrative Claims:

a.  any entity that already has filed a signed proof of claim against the Debtor with the Clerk of the Court using the Official Form 410;

b.  any entity whose claim is listed on the Schedules if: (i) the claim is not scheduled as any of "disputed," "contingent," or "unliquidated;" and (ii) such entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules;

c.  any entity whose claim has previously been allowed by order of the Court;

d.  any entity whose claim has been paid in full by the Debtor pursuant to the Bankruptcy Code or in accordance with an order of the Court;

e.  any holder of an equity interest in the Debtor need not file a proof of interest with respect to the ownership of such equity interest at this time; provided, however, that any holder of an equity interest who wishes to assert a claim against the Debtor, including a claim relating to such equity interest or the purchase or sale of such interest, must file a proof of claim asserting such claim on or prior to the Claims Bar Date pursuant to procedures set forth herein;

f.  a current employee of the Debtor, if an order of this Court authorized the Debtor to honor such claim in the ordinary course of business for wages, commissions, or benefits; provided, however, that a current employee must submit a proof of claim by the Claims Bar Date for all other claims arising before the Petition Date, including

4

4879-8513-4954

    claims for wrongful termination, discrimination, harassment, hostile work environment, and/or retaliation;

g. any entity holding a claim for which a separate deadline is fixed by the Court;

h. pursuant to section 503(b)(1)(D) of the Bankruptcy Code, governmental entities holding claims covered by section 503(b)(1)(B) or (C) of the Bankruptcy Code; and

i. claims for fees and expenses of professionals retained in this case.

## IV. INSTRUCTIONS FOR FILING PROOFS OF CLAIM

The following requirements shall apply with respect to filing and preparing each Proof of Claim:

a. <u>Contents</u>. Each proof of claim must: (i) use the Official Form 410; (ii) be written in English; (iii) include a claim amount denominated in United States dollars; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant.

b. <u>Supporting Documentation</u>. Each proof of claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d). If, however, such documentation is voluminous, upon prior written consent of Debtor's counsel, such proof of claim may include a summary of such documentation or an explanation as to why such documentation is not available; provided, however, that any creditor that received such written consent shall be required to transmit such writings to Debtor's counsel upon request no later than ten (10) days from the date of such request.

c. <u>Timely Service</u>. Each proof of claim must be filed, including supporting documentation, so that such proof of claim is actually received by the Clerk of Court for the United States Bankruptcy Court for the Eastern District of Kentucky by mail to the Clerk of Court at the address above or by filing the proof of claim through the Court's ePOC system by the applicable Bar Date. Any Administrative Claim must be filed with, and actually received by, the Clerk of Court by the Administrative Claims Bar Date.

## V. CONSEQUENCES OF FAILING TO TIMELY FILE YOUR PROOF OF CLAIM OR ADMINISTRATIVE CLAIM

Pursuant to the Bar Date Order and in accordance with Bankruptcy Rule 3003(c)(2), if you or any party or entity who is required, but fails, to file a Proof of Claim or Administrative Claim in accordance with the Bar Date Order on or before the applicable Bar Date, please be advised that:

a. YOU MAY BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTOR (OR FILING A PROOF OF CLAIM WITH RESPECT THERETO);

4879-8513-4954

 b. YOU MAY BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING AN ADMINISTRATIVE CLAIM ENTITLED TO PRIORITY PURSUANT TO SECTION 503(B) OF THE BANKRUPTCY CODE, INCLUDING 503(B)(9), REGARDLESS OF WHETHER SUCH CLAIM IS IDENTIFIED ON SCHEDULE F OF THE SCHEDULES AS NOT CONTINGENT, NOT DISPUTED, AND NOT UNLIQUIDATED;

 c. THE DEBTOR AND ITS PROPERTY MAY BE FOREVER DISCHARGED FROM ANY AND ALL INDEBTEDNESS OR LIABILITY WITH RESPECT TO OR ARISING FROM SUCH CLAIM;

 d. YOU WILL NOT RECEIVE ANY DISTRIBUTION IN THIS CHAPTER 11 CASE ON ACCOUNT OF THAT CLAIM; AND

 e. YOU MAY NOT BE PERMITTED TO VOTE ON ANY CHAPTER 11 PLAN FOR THE DEBTOR ON ACCOUNT OF THESE BARRED CLAIMS OR RECEIVE FURTHER NOTICES REGARDING SUCH CLAIM.

## VI. AMENDMENTS TO THE DEBTOR'S SCHEDULES

If, subsequent to the date of this Notice, the Debtor files a previously unfiled Schedule or amend or supplements its Schedules to reduce the undisputed, noncontingent, and liquidated amount of a claim listed in the Schedules, to change the nature or classification of a claim against the Debtor reflected in the Schedules, or to add a new claim to the Schedules, the affected creditor is required to file a Proof of Claim or amend any previously filed Proof of Claim in respect of the amended scheduled claim on or before the later of (a) the Claims Bar Date (or for governmental units, the Governmental Bar Date) to such claim, or (b) 11:59 p.m. prevailing Eastern Time on the date that is 30 days after the date that on which the Debtor provides notice of the filing, amendment or supplement to the Schedules (or another time period as may be fixed by the Court) (the "**Amended Schedules Bar Date**").

## VII. RESERVATION OF RIGHTS

Nothing contained in this Notice is intended to or should be construed as a waiver of the Debtor's right to: (a) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to the nature, amount, liability, or classification thereof; subsequently designate any scheduled claim as disputed, contingent, or unliquidated; and otherwise amend or supplement the Schedules.

## VIII. THE DEBTOR'S SCHEDULES AND ACCESS THERETO

You may be listed as the holder of a claim against the Debtor in the Debtor's Schedules. To determine if and how you are listed on the Schedules, please refer to the Debtor's Schedules on file with the Court, which may be inspected as described below in Section IX. It is your responsibility to determine that the claim is accurately listed in the Schedules.

As described above, if you agree with the nature, amount, and status of your claim as listed in the Debtor's Schedules and if your claim is not described as "disputed," "contingent," or

4879-8513-4954

"unliquidated," you need not file a Proof of Claim. Otherwise, or if you decide to file a Proof of Claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice.

## IX. ADDITIONAL INFORMATION

Copies of the Debtor's Schedules, the Bar Date Order, and other information regarding this chapter 11 case is available at the Court's website at www.kyeb.uscourts.gov. A login identification and password to the Court's Public Access to Court Electronic Records ("**PACER**") are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.psc.uscourts.gov. Copies of the Schedules and other documents filed in this case also may be examined between the hours of 9:00 a.m. and 3:00 p.m. (prevailing Eastern Time), Monday through Friday (except for federal holidays), at the office of the Clerk of Court, Community Trust Building, 100 East Vine Street, Suite 200, Lexington, Kentucky 40507.

> **A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTOR SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM.**

Dated: June [__], 2023         Respectfully submitted,

/s/ _____
Mary Elisabeth Naumann (KY Bar # 88328)
Chacey R. Malhouitre (KY Bar # 91019)
JACKSON KELLY PLLC
100 W. Main Street, Ste. 700
Lexington, KY 40507
Telephone: (859) 255-9500
Facsimile: (859) 252-0688
E-mail: mnaumann@jacksonkelly.com
         chacey.malhouitre@jacksonkelly.com
and

Angela L. Beblo (*Admitted pro hac vice*)
JACKSON KELLY PLLC
500 Lee Street East, Suite 1600
Charleston, WV 25301-3202
Telephone: (304) 340-1377
E-mail: angela.beblo@jacksonkelly.com
*Counsel to Debtor and Debtor-in-Possession*

7

4879-8513-4954

---

**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*Gregory R. Schaaf*
**Bankruptcy Judge**
**Dated: Thursday, June 15, 2023**
**(grs)**