# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF KENTUCKY
# PIKEVILLE DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| INMET MINING, LLC,[1] | ) Case No. 23-70113-grs |
| Debtor. | ) Honorable Gregory R. Schaaf |

## JOINT MOTION FOR APPROVAL TO DISPOSE OF
## DOCUMENTS AND RECORDS OF KOPPER GLO MINING, LLC

INMET Mining, LLC (the "Debtor") and Bluegrass Natural Resources LLC (f/k/a Bluegrass Energy LLC ("Bluegrass"), and collectively with Debtor as the "Parties"), pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code, hereby move the Court for the entry of an order (a) authorizing the Parties to dispose of third-party documents and records physically located at Debtor's former office currently leased by Bluegrass, (b) authorizing the Debtor to refuse delivery of any further such materials as addressed to it in name or via electronic or other delivery, and (c) authorizing the procedures for the disposition of the third-party documents. In further support of the Motion, the Parties respectfully represent as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334.

2. The parties believe this is a core proceeding under 28 U.S.C. § 157(b)(2)(N) because it is related to one of the asset sales conducted in Debtor's bankruptcy proceeding. If the Court determines this is a non-core proceeding, the Parties consent to the entry of a final order by the Court in connection with the Motion to the extent that it is later determined that the Court,

---

[1] The Debtor in this Chapter 11 Case is INMET Mining, LLC (last four digits of its federal tax identification number are 1693).

4861-7677-1444

absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

4. On April 5, 2023, the Debtor filed a voluntary chapter 11 petition under the Bankruptcy Code commencing the above-captioned chapter 11 bankruptcy case (the "Chapter 11 Case").

5. Debtor's principal place of business was located at 144 East Market Place Boulevard, Knoxville, TN 37922 ("Office"). Debtor operated various mining facilities in Kentucky and Virginia, including Harlan County where it maintained an on-site office ("Harlan Mine Site").

6. On July 28, 2023, Debtor completed a sale of its Kentucky assets to Bluegrass under this Court's previously entered orders. (*See* Docket Nos. 248, 470, 536, and 580.)

7. As part of the sale of Debtor's assets to Bluegrass, Bluegrass assumed the lease for the Office and is currently utilizing the premises. Bluegrass also purchased the assets of the Debtor located at the Harlan Mine Site and is currently conducting business operations there.

8. At the time of the filing of the Chapter 11 Case, Kopper Glo Mining, LLC ("Kopper Glo") and the Debtor were subsidiaries of Industrial Minerals Group ("IMG").

9. At the time of the filing of the Chapter 11 Case and through the filing of this Motion, Hunter Hobson has owned 100% of the equity interest in both Kopper Glo and IMG. To the Parties knowledge, Mr. Hobson was the sole manager and Chief Executive Officer of Kopper Glo.

10. At the time of the filing of the Chapter 11 Case, Kopper Glo had numerous documents, records, and other items at the Office and listed the Office's address as its principal

4861-7677-1444

place of business with various regulatory agencies and other parties. Kopper Glo also had documents, records, and other items at the Harlan Mine Site.

11. Generally speaking, Kopper Glo's documents, records, and other items were commingled with the Debtor's property. Kopper Glo's documents fill several filing cabinets along a wall in the Office. There are also laptop computers and a thumb drive containing Kopper Glo information and documents. Similar items for Kopper Glo are also located at the Harlan Mine Site.

12. After the filing of the Chapter 11 Case, Kopper Glo's address and other information was changed with various regulatory agencies from the Office to Mr. Hobson's personal residence, but items addressed to Kopper Glo continued to be delivered to the Office.

13. Debtor forwarded, and continues to forward, all email and mail received by Debtor to Mr. Hobson's email address. Debtor has not received any reciprocal communication confirming receipt of theses forwarded items.

14. Collectively, the Parties refer to all of the foregoing as the "<u>Kopper Glo Materials</u>."

15. To date, Kopper Glo has not removed the Kopper Glo Materials from the Office or the Harlan Mine Site.[2]

16. The Parties are aware that Mr. Hobson remains the subject of a federal criminal indictment and investigation. *See U.S. v. Hobson*, No. 22-cr-00086 (W.D. Pa. Mar. 29, 2022).

17. The Parties are aware that numerous federal and state agencies may have statutory rights to request and/or access the Kopper Glo records currently at the Office and the Harlan Mine Site, including, but not limited to, taxing authorities and mine safety agencies.

18. Indeed, prior to the sale to Bluegrass, the Debtor was contacted by an auditor for the United States Department of the Interior, Division of Compliance Management, seeking access

---

[2] Debtor did deliver to Mr. Hobson personal items that were on the premises, such as personal papers, pictures, etc.

to Kopper Glo's records to conduct an audit of Kopper Glo. The Debtor consented to providing access to the records, but the auditor did not complete the inspection prior to the sale to Bluegrass.

19.     Bluegrass has requested instruction from the Debtor on the disposition of the Kopper Glo Materials. Following the sale to Bluegrass, the Debtor no longer possesses physical office space and must minimize the administrative expenses of the estate in the interests of maximizing the recovery of its creditors.

## RELIEF REQUESTED

20.     The Debtor did not and currently does not own the Kopper Glo Materials, but its former employees and CRO received (and continue to receive) such materials after the Debtor's bankruptcy filing. The Kopper Glo Materials are physically located at premises now in control of Bluegrass. However, because the Debtor did not sell the Kopper Glo Materials to Bluegrass, both parties are unclear of the status of the Kopper Glo Materials. Thus, the Parties are in a unique position of having physical possession of documents belonging to a third party that are of interest to others and that the owner, to date, has failed to retrieve. Thus, the Parties are seeking entry of an order authorizing them to deliver the Kopper Glo Materials to Kopper Glo's former manager and indirect equity owner or other direction from the Court regarding the disposition of the Kopper Glo Materials on notice to potentially interested parties in light of the potentially competing interests in the documents.

**I.    Section 105 Permits This Court to Issue an Order Relating to the Kopper Glo Materials.**

21.     The Parties are unable to locate any specific provision in the Bankruptcy Code, the Bankruptcy Rules of Procedure, the Local Bankruptcy Rules of Procedure, or case law that governs the specific scenario in which the Parties find themselves. However, Section 105(a) permits a court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions

4

of" the Bankruptcy Code. 11 U.S.C. § 105(a); *see In re: Krause*, 414 B.R. 243, 263 (Bankr. S.D. Ohio 2009) (case concerning putative class action on behalf of bankruptcy trustees relating to secured creditor status against mortgage lender and affiliates, quoting "'Section 105(a) of the Code provides the bankruptcy court broad authority to exercise its equitable powers—where necessary and appropriate to facilitate the implementation of other Bankruptcy Code provisions.'" (internal citations and quotations omitted)).

22. Thus, this Court has broad equitable powers under Section 105(a) to issue orders consistent with and to carry out the provisions of the Bankruptcy Code. *In re ATD Corp.*, 352 F.3d 1062, 1065 (6th Cir. 2003) (stating that equitable powers under § 105(a) must be consistent with the Bankruptcy Code).

23. If the materials involved were the Debtor's property, either Section 542(a) (turnover) or Section 554 (abandonment) would govern the disposition and return of the property. Indeed, numerous cases involve motions of the debtor or a subsequent trustee to destroy the debtor's records, but none address the ability to dispose of records belonging to a third party. However, the opposite situation is present here, where the Debtor had possession of a third party's property and a purchaser of the Debtor's assets (Bluegrass) then received from the Debtor physical possession of the same property of that third party.

24. While the materials are not Debtor's property, certain cases illustrate the dilemma presented and provide some guiding principles. While the Kopper Glo Materials are in Bluegrass's possession due to its assumption of the Office and the Harlan Mine Site pursuant to the sale order, because the Kopper Glo Materials were not property of the Debtor, they were not conveyed via the sale to Bluegrass. At least one Kentucky court has ruled that an acquirer of property does not have the right to dispose of items left on the property as title does not convey with the sale.

5

*Baciomiculo, LLC v. Nick Bohanon, LLC*, 498 S.W.3d 790 (Ky. Ct. App. 2016) (finding that a foreclosure purchaser could not sell equipment left at the property and convey good title to the same).

25. Thus, in the further implementation of the sale approved pursuant to Section 363 of the Bankruptcy Code and to minimize the administrative burden on the Debtor and Bluegrass, both the Debtor and Bluegrass want to dispose of the Kopper Glo Materials in an appropriate manner to the extent they owe any obligations with respect to the disposition of that property to the owner or any other party.

## II. Disposition of the Kopper Glo Materials with Appropriate Notice Is in the Best Interests of the Debtor and the Debtor's Estate and Consistent with This Court's Ability to Issue Orders Relating to the Sale of Debtor's Property.

26. The Debtor and Bluegrass are unable to locate determinative case law addressing the issue faced by the Parties. However, case law and the Bankruptcy Code provide this Court with equitable authority to issue orders to facilitate the implementation of the Bankruptcy Code.

27. In this case, Bluegrass purchased a substantial amount of Debtor's assets pursuant to orders entered by this Court. Bluegrass, as part of the purchase, assumed the lease to Debtor's Office and purchased Debtor's interests in property at the Harlan Mine Site. The Kopper Glo Materials take up substantial space and Bluegrass does not want to store assets it did not purchase.

28. From the time of the filing of the Chapter 11 Case through the filing of this Motion, Kopper Glo had the Kopper Glo Materials at the Office and at the Harlan Mine Site. Debtor made clear, and continues to make clear, to requesting regulatory parties that Debtor was not in control of Kopper Glo by virtue of its possession of the Kopper Glo Materials or otherwise. Debtor further made substantial efforts to deliver items to Kopper Glo via Mr. Hobson. For example, the Debtor repeatedly forwarded mailed and emailed items address to Kopper Glo to Mr. Hobson, but received no response. In addition, the Debtor continues to receive Kopper Glo Materials addressed to the

6

Debtor's name, even after the sale to Bluegrass.

29.     To the extent Debtor has any obligation with respect to the Kopper Glo Materials following the sale to Bluegrass, the Debtor requests to address those obligations with the cooperation of Bluegrass, which now possesses those physical Kopper Glo Materials. In addition, there is still the issue of materials received by electronic mail and where those are "located."

30.     Neither Debtor nor Bluegrass wish to possess, control, or have responsibility for the Kopper Glo Material.

31.     Furthermore, the Parties are aware that numerous federal and state agencies may have statutory or other rights to request and/or access the Kopper Glo Materials including, but not limited to, taxing authorities and mine safety authorities and that certain litigation parties may have interests in the Kopper Glo Materials. The following are identified on the Master Service List and/or receive notice via participation in the Court's CM-ECF system:

- Blackjewel Liquidation Trust, LLC
- Commonwealth of Kentucky Energy and Environment Cabinet
- Delaware Division of Revenue
- Department of Labor/MSHA
- Kentucky Department of Environmental Projects
- Kentucky Department of Revenue
- Kentucky Mine Safety and Health Administration
- State of Kentucky, Division of Mine Permits
- Tennessee Department of Labor & Workforce
- Tennessee Department of Revenue
- U.S. Department of the Interior, Division of Land Management, Eastern States Office
- U.S. Department of Labor
- U.S. Department of Treasury, Internal Revenue Service, Centralize Insolvency
- Virginia Department of Taxation
- Virginia Department of Mines Minerals and Energy, Division of Mined Lands Reclamation

32.     In addition, the Parties will provide notice of the proposed disposition of the Kopper Glo Materials by service of this Motion to the following:

4861-7677-1444

- Kopper Glo Mining, LLC
  3271 Lakeside Drive
  Lenoir City, TN 37772

- Hunter Hobson
  3271 Lakeside Drive
  Lenoir City, TN 37772

- Richard L. Gaines, Esq.
  625 Market Street
  Suite 900
  Knoxville, TN 37902

- James H. Price, Esq.
  Lacy, Price, & Wagner, P.C.
  249 North Peters Rd., Suite 101
  Knoxville, TN 37923

- United States Department of Justice
  Eric G. Olshan, Esq.
  Nicole A. Stockey, Esq.
  United States Attorney's Office
  700 Grant Street, Suite 4000
  Pittsburg, PA 15219

- United States Department of Justice
  Leila Babaeva, Esq.
  Natalie Kanerva, Esq.
  Shy Jackson, Esq.
  1400 New York Avenue NW, Suite 1100
  Washington, DC 20009

- United States Department of the Interior
  ATTN: M. Dylan Newton
  530 S Gay St.
  Knoxville, TN 37902
  *Also to be sent via email to: mnewton@osmre.gov*

33.     In sum, while the Debtor no longer has physical possession of the Kopper Glo Materials, it continues to receive items for Kopper Glo. Retention of the Kopper Glo Materials by Bluegrass without any action by the Debtor has no benefit to the Debtor's estate or assets and may present a risk in the event such records are lost, destroyed, or subject to competing claims to physical possession. Accordingly, the Parties are seeking a court order permitting the disposition of the Kopper Glo Materials as provided herein and in the proposed order tendered herewith.

34.     Under Section 105(a), the Court may issue any order necessary or appropriate to

carry out the provisions of the Code. The Parties hereby request an order regarding the disposition of property left in the physical possession the Debtor and then left in the possession of Bluegrass by virtue of a section 363 sale. The Debtor further requests approval to mark as not receivable, not returnable, or to otherwise destroy any future Kopper Glo Materials delivered to the Debtor, whether in its name or in Kopper Glo's name, or to its electronic addresses.

## NOTICE OF HEARING

**The Parties intend to present this Motion for hearing on September 21, 2023, at 9:00 a.m. (prevailing Eastern Time) before the United States Bankruptcy Court for the Eastern District of Kentucky, 100 East Vine Street, Suite 200, Second Floor Courtroom, Lexington, Kentucky 40507**.

WHEREFORE, the Parties respectfully request that the Court enter the proposed order tendered herewith authorizing the Parties to deliver to Kopper Glo and its former management the Kopper Glo Materials physically located at Debtor's former offices currently leased by Bluegrass, or otherwise authorizing the Parties to dispose of the third-party documents and records, and granting such other and further relief as may be just and proper.

| | |
|---|---|
| Dated: <u>August 23, 2023</u> | Respectfully submitted, |
| /s/ Mary Elisabeth Naumann | */s/* Kevin W. Barrett |
| Mary Elisabeth Naumann (KY Bar # 88328) | Kevin W. Barrett (Admitted *pro hac vice*) |
| Chacey R. Malhouitre (KY Bar # 91019) | Bailey & Glasser LLP |
| JACKSON KELLY PLLC | 209 Capital Street |
| 100 W. Main Street, Ste. 700 | Charleston, WV 25301 |
| Lexington, KY 40507 | Telephone: (646) 776-8580 |
| Telephone: (859) 255-9500 | Facsimile: (304) 342-1110 |
| Facsimile: (859) 252-0688 | E-mail: kbarrett@baileyglasser.com |
| E-mail:  mnaumann@jacksonkelly.com | *Counsel for Bluegrass Natural Resources, LLC* |
| chacey.malhouitre@jacksonkelly.com | |
| and | |
| Angela L. Beblo (Admitted pro hac vice) | |
| JACKSON KELLY PLLC | |
| 500 Lee Street East, Suite 1600 | |
| Charleston, WV 25301-3202 | |
| Telephone: (304) 340-1377 | |
| E-mail:  angela.beblo@jacksonkelly.com | |
| *Counsel to Debtor and Debtor-in-Possession* | |

4861-7677-1444

# **CERTIFICATE OF SERVICE**

       I hereby certify that on August 23, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will serve notice on all parties registered to receive notice in this case.

       I further certify that on August 23, 2023, I provided a copy of the foregoing to Stretto, Inc. to serve by United States mail the parties on the Master Service List dated June 9, 2023 who do not receive ECF service and the specific parties listed below. A separate affidavit or certificate of service will be filed upon completion of service by mail.

| | |
|---|---|
| Kopper Glo Mining, LLC<br>3271 Lakeside Drive<br>Lenoir City, TN 37772 | United States Department of Justice<br>Eric G. Olshan, Esq.<br>Nicole A. Stockey, Esq.<br>United States Attorney's Office<br>700 Grant Street, Suite 4000<br>Pittsburg, PA 15219 |
| Hunter Hobson<br>3271 Lakeside Drive<br>Lenoir City, TN 37772 | |
| Richard L. Gaines, Esq.<br>625 Market Street<br>Suite 900<br>Knoxville, TN 37902 | United States Department of Justice<br>Leila Babaeva, Esq.<br>Natalie Kanerva, Esq.<br>Shy Jackson, Esq.<br>1400 New York Avenue NW, Suite 1100<br>Washington, DC 20009 |
| James H. Price, Esq.<br>Lacy, Price, & Wagner, P.C.<br>249 North Peters Rd., Suite 101<br>Knoxville, TN 37923 | United States Department of the Interior<br>ATTN: M. Dylan Newton<br>530 S Gay St.<br>Knoxville, TN 37902 |

      */s/* Mary Elisabeth Naumann
      Mary Elisabeth Naumann (KY Bar # 88328)
      JACKSON KELLY PLLC
      100 W. Main Street, Ste. 700
      Lexington, KY 40507
      Telephone: (859) 255-9500
      Facsimile: (859) 252-0688
      E-mail: mnaumann@jacksonkelly.com
      *Counsel to Debtor and Debtor-in-Possession*

4861-7677-1444