**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| INMET MINING, LLC,[1] | ) | Case No. 23-70113-grs |
| | ) | |
| Debtor. | ) | Honorable Gregory R. Schaaf |
| | ) | |

**JOINT MOTION OF THE DEBTOR AND THE
OFFICIAL COMMITTEE OF UNSECURED CREDITORS
FOR AN ORDER (I) APPROVING THE DISCLOSURE
STATEMENT ON A CONDITIONAL BASIS; (II) SCHEDULING
A COMBINED DISCLOSURE STATEMENT APPROVAL AND PLAN
CONFIRMATION HEARING; (III) APPROVING THE SOLICITATION
PROCEDURES, TABULATION PROCEDURES, AND DATES, DEADLINES,
AND NOTICES RELATED THERETO, AND (IV) GRANTING RELATED RELIEF**

INMET Mining, LLC, the debtor and debtor in possession (the "<u>Debtor</u>") in the above captioned chapter 11 case and the Official Committee of Unsecured Creditors (the "<u>Committee</u>" and, together with the Debtor, the "<u>Plan Proponents</u>"), hereby jointly submit this motion (the "<u>Motion</u>") under sections 105, 1125, 1126, and 1128 of Title 11 of the United States Code (the "<u>Bankruptcy Code</u>") and Rules 2002, 3017, 3018, and 3020 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Rules 3017-1 and 3020-1 of the Local Rules of the United States Bankruptcy Court for the Eastern District of Kentucky (the "<u>Local Rules</u>") for entry of an order (i) approving the Disclosure Statement (as defined herein) on a conditional basis, pending final approval at a later hearing; (ii) scheduling a combined hearing (the "<u>Confirmation</u>

---

[1]        The Debtor in this Chapter 11 case is INMET Mining, LLC (last four digits of its federal tax identification number are 1693).

Hearing") on the adequacy of the Disclosure Statement and Plan[2] (as defined herein), both filed contemporaneously herewith; (iii) approving the solicitation materials ("Solicitation Packages") and procedures (the "Solicitation Procedures") regarding votes to accept or reject the Plan and the methods, procedures, and standard assumptions for tabulating the votes (the "Voting and Tabulation Procedures"); (iv) approving the form and manner of notice of the Confirmation Hearing (the "Confirmation Hearing Notice"); and (v) granting related relief.  In support of the Motion, the Plan Proponents respectfully represent as follows:

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the Eastern District of Kentucky (the "Bankruptcy Court") has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for this Motion are section 105, 1125, 1126, and 1128 of the Bankruptcy Code, Bankruptcy Rules 2002, 3017, 3018, and 3020, and Local Rules 3017-1 and 3020-1.

## BACKGROUND

4.      The Debtor commenced this chapter 11 case (the "Chapter 11 Case") by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code on April 5, 2023 (the "Petition Date").

5.      Information on the Debtor's business, capital structure, and the circumstances leading to the Chapter 11 Case is contained in the declarations of Jeffrey Strobel, Chief

---

[2]      Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

23040672.v4

Restructuring Officer, that were filed in support of the first day and sale motions. [Docket Nos. and 46, 228-1, 515-1, 518-1].

6.       The Debtor continues to operate its business and manage its properties as a debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in the Chapter 11 Case.

7.       On April 14, 2023, the United States Trustee (the "U.S. Trustee") appointed the Committee [Docket No. 113].

8.       On April 27, 2023, the Debtor filed a motion [Docket No. 161] to approve (i) bidding and sale procedures and (ii) the sale of the Debtor's mining operations predominantly located in Kentucky (the "Kentucky Assets").

9.       On May 11, 2023, the Court entered the order approving the bidding procedures for the Kentucky Assets [Docket No. 248] (the "Kentucky Bidding Procedures Order" and the procedures approved therein, the "Kentucky Bidding Procedures").

10.      On June 9, 2023, the Debtor filed a motion [Docket No. 361] to approve (i) bidding and sale procedures and (ii) the sale of the Debtor's mining operations predominantly located in Virginia (the "Pigeon Creek Assets").

11.      On June 15, 2023, the Court entered the order approving the bidding procedure for the Pigeon Creek Assets [Docket No. 398] (the "Pigeon Creek Bidding Procedures Order" and the procedures approved therein, the "Pigeon Creek Bidding Procedures").

12.      On July 5, 2023, the Plan Proponents filed the *Joint Motion for Approval of Settlement between the Debtor, Committee, and Black Mountain Marketing and Sales, LP Pursuant to Bankruptcy Rule 9019* [Docket No. 489] seeking entry of an order, pursuant to Rule

9019, approving a settlement by and among the Plan Proponents and BMMS attached thereto as Exhibit A.

13. On July 13, 2023 the Court entered an order approving the settlement by and among the Plan Proponents and BMMS [Docket No. 538] (the "Settlement Order").

14. After successfully completing sales processes for both the Kentucky Assets and the Pigeon Creek Assets, the Debtor, upon consultation with and with the consent of the Committee, declared winning bids for the sales of the Kentucky Assets and the Pigeon Creek Assets and adjourned the auctions as permitted by the Kentucky Bidding Procedures Order and the Pigeon Creek Bidding Procedures Order and the Debtor filed notices of successful bids [Docket Nos. 469 and 471].

15. On July 13, 2023, this Court entered the *Order (I) Approving the Sale of Certain Assets to Bluegrass Energy LLC Free and Clear of Liens, Claims Encumbrances and Other Interests, (II) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases and (III) Granting Related Relief* [Docket No. 536] (the "Kentucky Sale Order") relating to the sale of the Kentucky Assets to Bluegrass Energy LLC ("Bluegrass Energy" and the sale to Bluegrass Energy, the "Bluegrass Sale").

16. On July 13, 2023, this Court also entered the *Order (I) Approving the Sale of Certain Pigeon Creek Assets to Coking Coal, LLC Free and Clear of Liens, Claims, Encumbrances, and Other Interests, (II) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (III) Granting Related Relief* [Docket No. 537] (the "Pigeon Creek Sale Order") relating to the sale of the Pigeon Creek Assets to Coking Coal LLC (the "Coking Coal Sale"). The Kentucky Sale Order and the Pigeon Creek Sale Order are

collectively referred to as the "Sale Orders" and the Bluegrass Sale and the Coking Coal Sale are collectively referred to as the "Sales."

17.    On October 5, 2023, the Plan Proponents, contemporaneously with the filing of this Motion, filed the Plan and Disclosure Statement.

## RELIEF REQUESTED

18.    By this Motion, the Plan Proponents request entry of an order (i) approving the Disclosure Statement on a conditional basis, pending final approval at a later hearing; (ii) scheduling a combined Confirmation Hearing on the adequacy of the Disclosure Statement and Plan; (iii) approving the Solicitation Procedures and Tabulation Procedures; (iv) approving the form and manner of the Confirmation Hearing Notice; and (v) granting related relief.

19.    The Plan provides for three Classes of Claims or Equity Interests. A summary of each of the Classes of Claims and Equity Interests and their treatment is as follows:

| Class | Claim | Status | Voting Rights |
| --- | --- | --- | --- |
| 1-A | General Unsecured Claims | Impaired | Entitled to Vote |
| 1-B | Blackjewel Trust Unsecured Claims | Impaired | Entitled to Vote |
| 2 | Equity Interests | Impaired | Deemed to Reject |

20.    In addition, pursuant to section 1123(a)(1) of the Bankruptcy Code, the Plan designates three categories of Claims that are not classified for purposes of voting to accept or reject the Plan: (i) Administrative Claims; (ii) Priority Tax Claims; and (iii) Other Priority Claims.

21.    This Motion requests interim approval of the Disclosure Statement solely to permit the Plan Proponents to distribute and solicit acceptances for the Plan consistent with section 1125(b) of the Bankruptcy Code, with a hearing on final approval of the Disclosure Statement

23040672.v4

combined with the hearing on confirmation of the Plan as contemplated by section 105(d)(2)(B)(vi) of the Bankruptcy Code.

22.     In connection with the foregoing, the Plan Proponents request that the Court approve the following schedule of proposed dates (the "Confirmation Schedule"):

| Event | Date |
|---|---|
| Hearing on this Motion | October 19, 2023 at 9:00 a.m. (prevailing Eastern Time). |
| Voting Record Date | October 25, 2023. |
| Commence Solicitation | October 25, 2023, or three business days after the entry of the order approving this Motion. |
| Initial Plan Supplement Deadline | November 10, 2023, or such other date as the Court may direct. |
| Voting Deadline | November 28, 2023 at 11:59 p.m. (prevailing Eastern Time), or such other date as the Court may direct. |
| Objection Deadline | November 28, 2023 at 11:59 p.m. (prevailing Eastern Time), or such other date as the Court may direct. |
| Reply Deadline | December 1, 2023 at 11:59 p.m. (prevailing Eastern Time), or such other date as the Court may direct. |
| Confirmation Hearing | December 5, 2023 at 9:00 a.m. (prevailing Eastern Time), or such other date as the Court may direct. |

23040672.v4

<u>BASIS FOR RELIEF</u>

**A.      Scheduling the Confirmation Hearing**

23.      Section 1128 of the Bankruptcy Code provides that "[a]fter notice, the court shall hold a hearing on confirmation of a plan" and that "[a] party in interest may object to confirmation of a plan." 11 U.S.C. § 1128; *see also* FED. R. BANKR. P. 3017(c) ("On or before approval of the disclosure statement, the court . . . may fix a date for the hearing on confirmation.").

24.      Bankruptcy Rules 2002(b) and 3017(a) provide that parties shall be given no less than 28 days' notice to consider the approval of a disclosure statement and for filing objection and the hearing to consider the confirmation of a chapter 11 plan.  *See* FED. R. BANKR. P. 2002(b), 3017(a).  There is no requirement that these two time periods run consecutively. *Id*.  Local Rule 3017-1(a) requires proponents of a disclosure statement and plan to obtain an appropriate hearing date and time from the Court.  Pursuant to Local Rule 3017-1(b), such date should ordinarily fix a deadline for objecting to the disclosure statement that is seven days prior to such hearing.

25.      Moreover, pursuant to Bankruptcy Rule 9006(c)(1), the Court may reduce the time for notice and hearing for actions taken under Bankruptcy Rule 2002(b) "for cause shown."

26.      In addition, pursuant to section 105 of the Bankruptcy Code, the Court has the authority to combine the hearing on the adequacy of the Disclosure Statement and the hearing to confirm the Plan:

> The court. . . may issue an order as the court deems appropriate to ensure that the case is handled expeditiously and economically, <u>including an order that . . . provides that the hearing on approval of the disclosure statement may be combined with the hearing on confirmation of the plan</u>.

11 U.S.C. § 105(d)(2)(B)(vi) (emphasis added); *see also In re Gulf Coast Oil Corp.*, 404 B.R. 407, 425 (Bankr. S.D. Tex. 2009) ("Section 1125(f) authorizes combined plans and disclosure

statements in small business cases and § 105(d) authorizes the court to combine them in other cases.").

27.    Under this authority, courts have permitted combined hearings in numerous chapter 11 cases that were not small business cases.  *See, e.g.*, *In re HGRL*, Case No. 20-10892 (MAF) (Bankr. D. N.H. Sept. 27, 2021); *In re Hartshorne Holdings, LLC*, Case No. 20-40133 (ACS) (Bankr. W.D. Ky. Oct. 5, 2020); *In re Calais Regional Hospital*, Case No. 19-10486 (MAF) (Bankr. D.N.H. Feb. 24, 2021); *In re RMBR Liquidation Inc. (f/k/a Things Remembered, Inc.*), Case No. 19-10234 (KG) (Bankr. D. Del. June 12, 2019); *In re FullBeauty Brands Holdings Corp.*, No. 19-22185 (RDD) (Bankr. S.D.N.Y. Feb. 7, 2019); *In re Orexigen Therapeutics, Inc.,* Case No. 18-10518 (KG) (Bankr. D. Del. May 17, 2019); *In re EV Energy Partners, L.P.*, No. 18-10814 (CSS) (Bankr. D. Del. Apr. 4, 2018); *In re PES Holdings, LLC*, No. 18-10122 (KG) (Bankr. D. Del. Jan. 29, 2018); *In re Pacific Drilling VIII Limited,* Case No. 17-13203 (MEW) (Bankr. S.D.N.Y. Feb. 1, 2019); *In re RadioShack Corp.,* Case No. 15-10197 (BLS) (Bankr. D. Del. June 26, 2015); *In re Michael Day Enters.*, No. 09-55159 (MS) (Bankr. N.D. Ohio June 22, 2010).

28.    The Plan Proponents request that the Court consolidate the hearing on final approval of the Disclosure Statement and confirmation of the Plan into a single combined Confirmation Hearing and schedule the Confirmation Hearing to be heard on December 5, 2023 at 9:00 a.m. (or as soon as possible thereafter).  Such relief is appropriate in the case, because following completion of the Sales substantially all of the Debtor's assets have been sold and the Debtor is in the process of winding down all business operations.  The Debtor, Committee, and BMMS reached a settlement that resolves virtually all pending matters in the case, and provides for the parties to proceed with an agreed-upon plan process.  A combined hearing will expedite the confirmation process, reduce administrative expenses, streamline the Debtor's wind down and

23040672.v4

exit from the Chapter 11 Case, and ultimately inure to the benefit of the Debtor's creditors by reducing the amount of time the Debtor remains in chapter 11, and thus reducing the administrative costs incurred by the estate.

29.     The Plan Proponents further propose that objections, if any, to approval of the Disclosure Statement or confirmation of the Plan must: (a) be in writing; (b) state the name and address of the objecting party and the nature of the Claim or Interest of the party; (c) state with particularity the basis and nature of any objection to the confirmation of the Plan; and (d) be filed with the Court and served on (i) counsel to the Debtor, (ii) counsel to the Committee, at the addresses in the Confirmation Hearing Notice, so that they are received no later than 4:00 p.m., Eastern Time, on the date that is 7 days prior to the Confirmation Hearing (the "Confirmation Objection Deadline").  The Plan Proponents further propose that their consolidated reply to any such objections (as discussed below) must be filed and served on the objecting parties and the Interested Parties no later than three business days prior to the Confirmation Hearing.

30.     Bankruptcy Rule 2002(b) requires at least 28 days' notice by mail to all creditors and indenture trustees of the time set for filing objections to confirmation of a chapter 11 plan and the hearing to consider confirmation of a chapter 11 plan.  Bankruptcy Rule 2002(d) requires that equity security holders be given notice of these matters in the manner and form directed by the Court.  In accordance with Bankruptcy Rules 2002 and 3017(d), the Debtors propose to serve on all creditors and equity interest holders, as part of the Solicitation Package, a copy of the Confirmation Hearing Notice substantially in the form attached hereto as **Exhibit A** setting forth, among other information: (a) the Voting Deadline for the submission of Ballots to accept or reject the Plan; (b) the Confirmation Objection Deadline; and (c) the time, date and place of the Confirmation Hearing.

23040672.v4

**B.      Request for Conditional Approval of the Disclosure Statement**

31.      In order to facilitate the combined Confirmation Hearing consistent with section 1125(b) of the Bankruptcy Code's provision that "[a]n acceptance or rejection of a plan may not be solicited after the commencement of the case under this title from a holder of a claim or interest with respect to such claim or interest, unless, at the time of or before such solicitation, there is transmitted to such holder the plan or a summary of the plan, and a written disclosure statement approved, after notice and a hearing, by the court as containing adequate information[,]" the Plan Proponents request that the Court approve the Disclosure Statement on an conditional basis, subject to final approval at the combined hearing.  Conditional approval is appropriate because the Disclosure Statement satisfies the requirements of section 1125 of the Bankruptcy Code.

32.      The Disclosure Statement contains adequate information because it is extensive and comprehensive and includes sufficient detail for a creditor evaluating the Plan to make an informed decision concerning whether to vote to accept or reject the Plan.  The Bankruptcy Code defines "adequate information" as:

> information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, that would enable a hypothetical reasonable investor typical of holders of claims or interests of the relevant class to make an informed judgment about the plan . . . .

11 U.S.C. § 1125(a)(1).  "The purpose of the disclosure provisions of Chapter 11 is to provide holders of claims and interests with 'adequate information' prior to the acceptance or rejection of a reorganization plan, in order for them to be able to make an informed judgment as to the feasibility of the plan." *In re Microwave Prod. of Am., Inc.*, 100 B.R. 376, 377 (Bankr. W.D. Tenn. 1989); *see also In re Eagle Pitcher Indus., Inc.*, 1998 WL 939869 at *2, n. 5 (6th Cir. Dec. 21,

1998) ("A disclosure statement . . . provides creditors . . . with information sufficient to enable them to make an informed judgment about how the plan will affect their rights.").

33.    This Court has broad discretion in determining whether a disclosure statement contains adequate information; the determination must be made on a case-by-case basis, focusing on the unique facts and circumstances of each case. *See, e.g., In re Cardinal Congregate I*, 121 B.R. 760, 764 (Bankr. S.D. Ohio 1990) ("Congress left vague the standard for evaluating what constitutes adequate information so as to permit a case-by-case determination based on the prevailing facts and circumstances."); *Mabey v. Southwestern Elec. Power Co.* (*In re Cajun Elec. Power Coop.*), 150 F.3d 503, 518 (5th Cir. 1998), *cert. denied*, 526 U.S. 1144 (1999*); In re PC Liquidation Corp.*, 383 B.R. 856, 865 (E.D.N.Y. 2008) (standard for chapter 11 disclosure statement is flexible, determined on a case-by-case basis); *Kirk v. Texaco, Inc.*, 82 B.R. 678, 682 (S.D.N.Y. 1988) ("The legislative history could hardly be more clear in granting broad discretion to bankruptcy judges under § 1125(a) . . . .").

34.    The Disclosure Statement provides the information necessary "so that an informed determination can be made whether to accept or reject" the Plan. *See In re 266 Washington Assocs.*, 141 B.R. 275, 288 (Bankr. E.D.N.Y. 1992). More specifically, the Disclosure Statement contains a broad range of information that will be adequate for the "hypothetical and reasonable" creditor in this to decide whether to vote to accept or reject the Plan. Among other things, the Disclosure Statement contains information with respect to:

(A)    the terms of the Plan;

(B)    information concerning the Debtor's business operations, organizational structure and capital structure;

(C)    an overview of certain events preceding and leading to the commencement of the Chapter 11 Case;

(D)     an overview of the major events that occurred during the course of the Chapter 11 Case, including the Sales and the terms of the Sales;

(E)     the operation of the Debtor's business during the pendency of the Chapter 11 Case;

(F)     a summary of the classification and treatment of all Classes of Creditors and Equity Interests;

(G)     the Liquidating Trust that will be created pursuant to the Plan;

(H)     the legal effects of the Plan;

(I)     the risk factors affecting the Plan;

(J)     estimates of the Claims asserted or to be asserted against the Debtor's Estate and the estimated value of distributions to be received by holders of such Claims;

(K)     the methods and timing of distributions under the Plan;

(L)     the voting procedures and confirmation requirements for the Plan;

(M)     a summary of the Bankruptcy Code and other requirements for confirmation of the Plan and Disclosure Statement; and

(N)     the federal tax consequences of the Plan.

35.     Accordingly, the Disclosure Statement contains adequate information within the meaning of section 1125 of the Bankruptcy Code and, therefore, should be conditionally approved, pending final approval at the Confirmation Hearing.  To make the Disclosure Statement as current and complete as possible, the Plan Proponents may file an amended and updated version of the Disclosure Statement prior to the hearing on this Motion to include any updated pertinent information.

## C.     Establishment of Voting Record Date

36.     Bankruptcy Rule 3017(d) provides that the "date [on which an] order approving the disclosure statement is entered," or such other date established by the Court, is the record date for determining the "holders of stock, bonds, debentures, notes, and other securities" entitled to

receive the materials specified in Bankruptcy Rule 3017(d), including ballots for voting on a chapter 11 plan. *See* FED. R. BANKR. P. 3017(d).  Bankruptcy Rule 3018(a) contains a similar provision regarding determination of the record date for voting purposes.  The Plan Proponents request that the Court establish the date of entry of the order approving the Disclosure Statement as the record date, pursuant to Bankruptcy Rule 3017(d), for purposes of determining which creditors are entitled to receive Solicitation Packages and, as applicable, vote on the Plan (the "Voting Record Date").  The establishment of the Voting Record Date is for voting purposes only and will have no preclusive effect with regard to which Claimants are entitled to receive distributions under the Plan.

37.    With respect to any transferred Claim, the Plan Proponents further propose that the transferee will be entitled to receive a Solicitation Package and cast a Ballot on account of the transferred Claim only if: (a) all actions necessary to effect the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Voting Record Date; or (b) the transferee files, no later than the Record Date, (i) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer, and (ii) a sworn statement of the transferor supporting the validity of the transfer.

**D.    Approval of Solicitation Packages and Solicitation Procedures**

38.    Bankruptcy Rule 3017(d) identifies the materials that must be provided to holders of claims and equity interests for purposes of soliciting their votes and providing adequate notice of the hearing on confirmation of a plan as follows:

(1)    the plan or a court-approved summary of the plan;

(2)    the disclosure statement approved by the court;

(3)    notice of the time within which acceptances and rejections of the plan may be filed; and

23040672.v4

(4) any other information as the court may direct, including any court opinion approving the disclosure statement or a court-approved summary of the opinion.

In addition, notice of the time fixed for filing objections and the hearing on confirmation shall be mailed to all creditors and equity security holders in accordance with Rule 2002(b), and a form of ballot conforming to the appropriate Official Form shall be mailed to creditors and equity security holders entitled to vote on the plan.

Fed. R. Bankr. P. 3017(d).

39. The Solicitation Packages, which will include the materials required to be provided to the holders or claims and equity interests under Bankruptcy Rule 3017(d), will be mailed to such parties after the Court has conditionally approved the contents of the Disclosure Statement as containing adequate information, as required by Bankruptcy Code.   Specifically, the Plan Proponents propose to mail or cause to be mailed Solicitation Packages containing copies of:

(a) the Confirmation Hearing Notice;

(b) the Disclosure Statement (together with the exhibits thereto, including the Plan, that have been filed with the Court before the date of the mailing);

(c) any applicable letters from the Plan Proponents or other parties in interest recommending acceptance of the Plan; and

(d) for Solicitation Packages sent to holders of Claims in Classes entitled to vote to accept or reject the Plan, an appropriate form of Ballot (as defined herein), a Ballot return envelope and such other materials as the Court may direct.  Consistent with sections 1126(f) and 1126(g) of the Bankruptcy Code and Bankruptcy Rule 3017(d), Solicitation Packages for holders of Claims against or Interests in any Debtor in a class under the Plan that is deemed to accept or reject the Plan under sections 1126(f) or 1126(g) of the Bankruptcy Code will not include a Ballot.

40. Except as described below, the Solicitation Packages will be mailed no later than 28 days prior to the Voting Deadline (the "Solicitation Mailing Deadline") to: (a) all persons or entities that have filed proofs of Claim on or before the Voting Record Date (or their transferees in accordance with the procedures set forth above), in each case that are entitled to vote on the Plan; (b) all persons or entities listed in the Schedules as holding liquidated, noncontingent,

14

undisputed claims as of the Voting Record Date (or their transferees in accordance with the procedures set forth above), in each case that are entitled to vote on the Plan; (c) all other known holders of Claims against or Interests in the Debtor, if any, as of the Voting Record Date that are entitled to vote on the Plan; (d) all parties in interest that have filed requests for notice in accordance with Bankruptcy Rule 2002 in the Chapter 11 Case on or before the Voting Record Date (excluding as to such parties a Ballot); and (e) the U.S. Trustee.

41.     Although the Plan Proponents have made, and will make, every effort to ensure that the Solicitation Packages described are in final form, the Plan Proponents nonetheless request authority to make non-substantive changes to the Plan and the Disclosure Statement and related documents without further order of the Court, including ministerial changes to correct typographical and grammatical errors, and to make conforming changes among the Plan and the Disclosure Statement and any other materials in the Solicitation Packages.

42.     The Plan Proponents submit that the foregoing procedures for providing notice of the Confirmation Hearing, the Confirmation Objection Deadline, and related matters fully comply with Bankruptcy Rules 2002 and 3017. Accordingly, the Plan Proponents request that the Court approve such procedures as appropriate and in compliance with the requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

**E.     Approval of Notices of Non-Voting Status**

43.     Holders of Unclassified Claims (Administrative Claims, Priority Tax Claims, and Other Priority Claims) are unimpaired under the Plan and are deemed to accept the Plan under section 1126(f) of the Bankruptcy Code or otherwise not entitled to vote on the Plan. Accordingly, consistent with Bankruptcy Rule 3017(d), the Plan Proponents do not intend to solicit these creditors' votes on the Plan. In lieu of a Solicitation Package, Plan Proponents propose to serve

23040672.v4

on such non-voting creditors, on or before the Solicitation Mailing Deadline (such materials, an

"Unimpaired Non-Voting Notice Package"): (a) the Confirmation Hearing Notice and (b) a *Notice*

*of Unimpaired Non-Voting Status to Holders of Claims Conclusively Deemed to Accept the Plan*

*or Otherwise Not Entitled to Vote* attached hereto as **Exhibit B** (the "Unimpaired Non-Voting

Notice"), in each case by electronic service where possible.

44.     Under section 1126(g) of the Bankruptcy Code, classes that are not entitled to

receive or retain any property under a chapter 11 plan are deemed to reject the Plan.  Holders of

Claims in Class 2 (Equity Interests) are not receiving any distributions or entitled to retain any

property under the Plan and are deemed to reject the Plan.  Accordingly, their votes to accept or

reject the Plan will not be solicited.  In lieu of a Solicitation Package, the Plan Proponents propose

to serve on such non-voting parties, on or before the Solicitation Mailing Deadline (such materials,

an "Impaired Non-Voting Notice Package," and with the Unimpaired Non-Voting Notice Package,

the "Non-Voting Notice Packages"): (a) a Confirmation Hearing Notice and (b) a *Notice of*

*Impaired Non-Voting Status to Holders of Claims and Interests Conclusively Deemed to Reject*

*the Plan* attached hereto as **Exhibit C** (the "Impaired Non-Voting Notice," and with the

Unimpaired Non-Voting Notice, the "Non-Voting Notices"), in each case by electronic service

where possible.  Accordingly, the Plan Proponents request that the Court approve the Non-Voting

Notices.

**F.     Approval of Forms of Ballots**

45.     Bankruptcy Rule 3017(d) requires the Plan Proponents to mail a form of ballot that

substantially conforms to Official Form No. 314 to those "creditors and equity security holders

entitled to vote on the plan." *See* FED. R. BANKR. P. 3017(d). The Plan Proponents propose to

distribute to creditors entitled to vote on the Plan one or more ballots (the "Ballots") in substantially the form attached hereto as **Exhibit D** (the "Ballot Template").

46.     The Ballot Template is based on Official Form No. 314, but has been modified to address the particular terms of the Plan, and to include certain additional information that the Plan Proponents believe to be relevant and appropriate to each class of Claims that is entitled to vote to accept or reject the Plan and the Disclosure Statement. The Plan Proponents propose that the appropriate forms of Ballot be distributed to holders of claims in the following classes entitled to vote to accept or reject the Plan as follows: Class 1-A (General Unsecured Claims) and Class 1-B (Blackjewel Trust Unsecured Claims).

47.     Claims in Class 2 are impaired under the Pan and will not receive any distribution or retain any property under the Plan. Such Claims, therefore, are deemed to have rejected the Plan pursuant to Bankruptcy Code section 1126(g). No Ballots have been proposed for Equity Interest Holders in Class 2.

**G.     Voting Deadline and Voting and Tabulation Procedures**

*i.     Establishment of Voting Deadline*

48.     Bankruptcy Rule 3017(c) provides that, at the time of or before approval of a disclosure statement, the Court may fix a time within which the holders of Claims or Interests may accept or reject a plan. *See* FED. R. BANKR. P. 3017(c). Local Bankruptcy Rule 3020-1(c) provides, in relevant part, that the Court will ordinarily enter an order that fixes the time within which holders of Claims or Interests may accept or reject a plan as seven (7) days prior to the Confirmation Hearing. In accordance with these Rules, the Plan Proponents propose that, to be counted as votes to accept or reject the Plan, all Ballots must be properly executed, completed, and delivered to Stretto, Inc. (the "Noticing Agent"), which will serve as the voting agent (the "Voting

Agent"), by either (a) mail in the return envelope provided with each Ballot, (b) overnight courier or (c) personal delivery so that, in each case, such Ballots are received by the Voting Agent no later than 5:00 p.m., Eastern Time, on the date that is 7 days in advance of the Confirmation Hearing (the "Voting Deadline"). Ballots are to be delivered according to the instructions set forth on the applicable Ballot.

49.     The Plan Proponents submit that a solicitation period of 34 days provides sufficient time for Creditors entitled to vote to make informed decisions to accept or reject the Plan and the Disclosure Statement and submit timely Ballots under the circumstances. Therefore, the Voting Deadline should be approved.

*ii.     Temporary Allowance of Claims for Voting Purposes*

50.     The Plan Proponents believe that the Voting and Tabulation Procedures will establish a fair and equitable voting process. Nevertheless, if any Claimant seeks to challenge the allowance of its Claim for voting purposes in accordance with the Voting and Tabulation Procedures, the Plan Proponents propose that the Claimant be required to file a motion, pursuant to Bankruptcy Rule 3018(a), for an order temporarily allowing its Claim in a different amount or classification for purposes of voting to accept or reject the Plan (a "Rule 3018 Motion") and serve the Rule 3018 Motion on the Plan Proponents so that it is received no later than 20 days after the date of service of the Confirmation Hearing Notice. The Plan Proponents shall have seven days to file and serve any responses to Rule 3018 Motions. In accordance with Bankruptcy Rule 3018, the Plan Proponents further propose that any Ballot submitted by a creditor that files a Rule 3018 Motion will be counted solely in accordance with the Plan Proponents' proposed Voting and Tabulation Procedures and the other applicable provisions contained herein unless and until the underlying Claim is temporarily allowed by the Court for voting purposes in a different amount,

after notice and a hearing.  The Plan Proponents will undertake to resolve all Rule 3018 Motions

consensually.  To the extent that cannot be achieved, the Plan Proponents will coordinate with the

Court to adjudicate and resolve all pending Rule 3018 Motions and any responses thereto in a

timely fashion and at a single court hearing.

### iii.     Approval of Procedures for Vote Tabulation

51.     Section 1126(c) of the Bankruptcy Code provides:

> A class of claims has accepted a plan if such plan has been accepted
> by creditors, other than any entity designated under subsection (e)
> of this section, that hold at least two-thirds in amount and more than
> one-half in number of the allowed claims of such class held by
> creditors, other than any entity designated under subsection (e) of
> this section, that have accepted or rejected such plan.

11 U.S.C. § 1126(c).  Further, Bankruptcy Rule 3018(a) provides that the "court after notice and

hearing may temporarily allow the claim or interest in an amount which the court deems proper

for the purposes of accepting or rejecting a plan." *See* FED. R. BANKR. P. 3018(a).

52.     The Plan Proponents propose, solely for the purposes of voting to accept or reject

the Plan and the Disclosure Statement, and not for the purpose of the allowance of, or distribution

on account of, a Claim and without prejudice to the rights of the Debtor or the Liquidating Trust,

the following Voting and Tabulation Procedures:

(A)     Unless otherwise provided in these Voting and Tabulation Procedures, a Claim will
be deemed temporarily allowed for voting purposes in an amount equal to: (i) the
noncontingent, liquidated, and undisputed amount of such Claim, as set forth in the
Schedules; or (ii) if a proof of Claim has been timely filed in respect of such Claim,
the noncontingent, liquidated, and undisputed amount set forth in such proof of
Claim.

(B)     If a Claim, for which no proof of Claim has been timely filed, is listed on the
Schedules, but is listed as contingent, unliquidated, or disputed, either in whole or
in part, or if no Claim amount is specified, such Claim shall be disallowed for voting
purposes; *provided, however*, that any undisputed portion, if any, of such Claim
will be deemed temporarily allowed for voting purposes, subject to the other Voting
and Tabulation Procedures; *provided further*, however, that such Claim shall be

entitled to vote in the amount of $1.00 if the applicable bar date for this Claim has not expired.

(C)     If a Claim, for which a proof of Claim has been timely filed, has not been disallowed and is not subject to a pending objection or adversary proceeding as of the Voting Record Date, is marked or otherwise referenced on its face as contingent, unliquidated, or disputed, either in whole or in part, or if no Claim amount is specified on such roof of Claim, such Claim shall be temporarily allowed solely for voting purposes in the amount of $1.00, irrespective of how such Claim may or may not be set forth on the Schedules; *provided, however*, that any liquidated or undisputed portion, if any, of such Claim will be deemed temporarily allowed for voting purposes, subject to the other Voting and Tabulation Procedures.

(D)     Except as otherwise ordered by the Court, any Ballots received after the Voting Deadline will not be counted absent the consent of the Plan Proponents (in their sole discretion).

(E)     Any Ballot that does not indicate an acceptance or rejection of the Plan and the Disclosure Statement, or that indicates both an acceptance and rejection of the Plan and the Disclosure Statement, will not be counted.

(F)     Any Ballot that is returned indicating acceptance or rejection of the Plan and the Disclosure Statement but does not bear an original signature will not be counted.

(G)     Any Ballot that is illegible or contains insufficient information to permit the identification of the Creditor will not be counted.

(H)     If a Claim is deemed allowed in accordance with the Plan, such Claim will be temporarily allowed for voting purposes in the deemed allowed amount set forth in the Plan.

(I)     If a Claim has been allowed pursuant to a stipulation approved by the Court, such Claim will be deemed temporarily allowed for voting purposes in the amount set forth in the stipulation.

(J)     If a Claim has been estimated or otherwise allowed for voting purposes by order of the Court, such Claim will be temporarily allowed for voting purposes in the amount so estimated or allowed by the Court.

(K)     With respect to a Claim as to which (i) the Claim is (A) listed in the Schedules as contingent, unliquidated, disputed, or in a zero amount or (B) not listed in the Schedules and (ii) a proof of Claim was not timely filed and no stipulation allowing the Claim has been approved by the Court, such Claim will be disallowed for voting purposes.

(L)     If the Debtor has filed and served an objection to a Claim or a motion to allow or estimate the Claim in an amount different from the amount asserted in the Claim on or before the date that is 10 days after the date of service of the Confirmation

Hearing Notice (as such term is defined), such Claim will be temporarily allowed or disallowed for voting purposes in accordance with the relief sought in the motion.

(M)     If a Claim holder identifies a Claim amount on its Ballot that is less than the amount otherwise calculated in accordance with the Voting and Tabulation Procedures, the Claim will be temporarily allowed for voting purposes in the lesser amount identified on such Ballot.

(N)     Any Ballot cast by a Person or Entity that does not hold a Claim in a Class that is entitled to vote to accept or reject the Plan and the Disclosure Statement will not be counted.

(O)     Whenever a Creditor casts more than one Ballot voting the same Claim prior to the Voting Deadline, only the latest-received valid Ballot timely received will be deemed to reflect the voter's intent and, thus, will supersede any prior received Ballots.

(P)     If a Creditor casts simultaneous duplicative Ballots that are voted inconsistently, such Ballots will not be counted.

(Q)     Each Creditor will be deemed to have voted the full amount of its Claim as set forth on the Ballot.

(R)     Creditors may not split their vote within a Class; thus, each Creditor will be required to vote all of its Claims within the Class either to accept or reject the Plan and the Disclosure Statement.

(S)     Ballots partially rejecting and partially accepting the Plan and the Disclosure Statement will not be counted.

(T)     The method of delivery of Ballots to the Voting Agent is at the risk of each Creditor, and such delivery will be deemed made only when the original Ballot is actually received by the Voting Agent.

(U)     The Plan Proponents expressly reserve the right to amend the terms of the Plan and the Disclosure Statement (subject to compliance with Section 1127 of the Bankruptcy Code).  If the Plan Proponents make material changes to the terms of the Plan and the Disclosure Statement, the Plan Proponents will disseminate additional solicitation materials and extend the solicitation period, in each case to the extent required by law or further order of the Court.

(V)     If a Ballot is executed by a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation or other person acting in a fiduciary or representative capacity on behalf of a Creditor, such person will be required to indicate such capacity when signing and, at the Plan Proponents' or Voting Agent's request, must submit proper evidence satisfactory to the Plan Proponents and/or Voting Agent to so act on behalf of the Creditor.

(W)    Any Creditor who has delivered a valid Ballot voting on the Plan and the Disclosure Statement may withdraw such vote solely in accordance with Bankruptcy Rule 3018(a).

(X)    Subject to any contrary order of the Court, the Plan Proponents further reserve the right to waive any defects or irregularities or conditions of delivery as to any particular Ballot.

(Y)    Unless waived by the Plan Proponents or as ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured by the Voting Deadline or within such time as the Plan Proponents or the Court determines, and unless otherwise ordered by the Court, delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived.

(Z)    Neither the Plan Proponents, nor any other person or entity, will be under any duty to provide notification of defects or irregularities with respect to deliveries of Ballots nor will any of them incur any liabilities for failure to provide such notification.

53.    The Plan Proponents will file with the Court a certification of votes (the "Voting Declaration") at least two business days prior to the commencement of the Confirmation Hearing. The Voting Declaration shall, among other things, set forth the voting results on a consolidated basis, certify to the Court in writing the voting amount and number of Allowed Claims of each Class accepting or rejecting the Plan and the Disclosure Statement, and delineate every Ballot that does not conform to the voting instructions or that contains any form of irregularity including, but not limited to, those Ballots that are late or (in whole or in material part) illegible, unidentifiable, lacking signatures or lacking necessary information, received via facsimile or electronic mail, or damaged ("Irregular Ballots"). The Voting Declaration shall indicate the Plan Proponents' intentions with regard to each such Irregular Ballot. The Plan Proponents submit that the proposed Voting and Tabulation Procedures set forth above will establish a fair and equitable voting process and, therefore, should be approved.

23040672.v4

## NOTICE OF HEARING

54.      **PLEASE TAKE NOTICE** that this Motion and any objections thereto shall be heard on October 19, 2023 at 9:00 a.m. (prevailing Eastern Time) before the United States Bankruptcy Court for the Eastern District of Kentucky, 100 East Vine Street, Suite 200, Second Floor Courtroom, Lexington, Kentucky 40507.   Per the Local Rules of the United States Bankruptcy Court for the Eastern District of Kentucky, any objections to the Motion must be filed at least three days in advance of the hearing.

## NO PRIOR REQUEST

55.      No prior request for the relief sought in this Motion has been made to this or any other Court in connection with this Chapter 11 Case.

WHEREFORE, the Plan Proponents respectfully requests that the Court enter an order (i) approving the Disclosure Statement on a conditional basis; (ii) scheduling a combined Confirmation Hearing on the adequacy of the Disclosure Statement and Plan; (iii) approving the Solicitation Procedures and Tabulation Procedures; (iv) approving the form and manner of the Confirmation Hearing Notice and (v) granting such other and further relief to the Plan Proponents as the Court may deem proper.

[*the remainder of this page is intentionally left blank*]

23040672.v4

/s/ *Mary Elisabeth Naumann*
Mary Elisabeth Naumann
Chacey R. Malhouitre
JACKSON KELLY PLLC
100 W. Main Street, Ste. 700
Lexington, KY 40507
Telephone: (859) 255-9500
Facsimile: (859) 252-0688
E-mail: mnaumann@jacksonkelly.com
chacey.malhouitre@jacksonkelly.com

-and-

Angela L. Beblo
JACKSON KELLY PLLC
500 Lee Street East, Suite 1600
Charleston, WV 25301-3202
Telephone: (304) 340-1377
E-mail: angela.beblo@jacksonkelly.com


*Counsel for Debtor and Debtor in Possession*

/s/ *James R. Irving*
James R. Irving
April A. Wimberg
DENTONS BINGHAM GREENEBAUM LLP
3500 PNC Tower, 101 S. Fifth Street
Louisville, Kentucky 40202
Telephone:  (502) 587-3606
E-mail:  james.irving@dentons.com
          april.wimberg@dentons.com

-and-

Michael J. Roeschenthaler
Scott M. Hare
Kenneth J. Lund
WHITEFORD, TAYLOR & PRESTON LLP
11 Stanwix Street, Suite 1400
Pittsburgh, PA 15222
Telephone:
E-mail:    MRoeschenthaler@whitefordlaw.com
           SHare@whitefordlaw.com
           KLund@whitefordlaw.com

-and-

Brandy M. Rapp
WHITEFORD, TAYLOR & PRESTON LLP
10 S. Jefferson Street, Suite 1110
Roanoke, VA  24011
Telephone: (540) 759-3577
E-mail:     BRapp@whitefordlaw.com

-and-

Joshua D. Stiff
WHITEFORD, TAYLOR & PRESTON LLP
249 Central Park Avenue, Suite 300
Virginia Beach, VA 23462
Telephone: (757) 271-9751
E-mail:     JStiff@whitefordlaw.com

*Co-counsel for the Official Committee of Unsecured Creditors*

Dated: October 5, 2023

24

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 5, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will serve notice on all parties registered to receive notice in this case.  I further certify that on October 5, 2023, that the foregoing was served on the Master Service List dated September 11, 2023, in accordance with the methods of service provided therein.

*/s/ James R. Irving*
James R. Irving

*Counsel to the Official Committee of Unsecured Creditors*

23040672.v4