UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

|  |  |
|---|---|
| In re: | ) Chapter 11 <br> ) <br> ) Case No. 23-70113-grs <br> ) <br> ) Hon. Gregory R. Schaaf <br> ) <br> ) |
| INMET Mining, LLC,[1] |  |
| Debtor. |  |

**ORDER CONFIRMING JOINT PLAN OF LIQUIDATION
PROPOSED BY INMET MINING, LLC AND THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

Upon consideration of the (i) *Joint Plan of Liquidation Proposed by INMET Mining, LLC and the Official Committee of Unsecured Creditors under Chapter 11 of the Bankruptcy Code* [Docket No. 728] (the "Plan")[2] filed by INMET Mining, LLC (the "Debtor") and the Official Committee of Unsecured Creditors (the "Committee", and together with the Debtor, the "Plan Proponents"), and the (ii) *Disclosure Statement for the Joint Plan of Liquidation Proposed by INMET Mining, LLC and the Official Committee of Unsecured Creditors under Chapter 11 of the Bankruptcy Code* [Docket No. 729] (the "Disclosure Statement") filed by the Plan Proponents; and this Court, by order dated October 20, 2023 [Docket No. 752] (the "Solicitation Procedures Order"), having conditionally approved the Disclosure Statement for solicitation purposes and authorized the Plan Proponents to solicit approvals for the Plan; and a hearing having been held on December 5, 2023 regarding the final approval of the Disclosure Statement and confirmation of the Plan (the "Confirmation Hearing"); and upon the evidence proffered, adduced or presented

---

[1] The Debtor in this Chapter 11 case is INMET Mining, LLC (last four digits of its federal tax identification number is 1693).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the plan and Disclosure Statement, as applicable.

23226838.v8

and the arguments of counsel made at the Confirmation Hearing; and this Court having reviewed all documents in connection with confirmation and having heard all parties desiring to be heard, and upon the record compiled in the Chapter 11 Case; and after due deliberation and consideration of all of the foregoing; and sufficient cause appearing therefor;

THE COURT FINDS as follows:

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

A.      The findings and conclusions set forth herein and on the record of the Confirmation Hearing constitute this Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure (the "Civil Rules"), as made applicable herein by Rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, or vice versa, they are adopted as such.

B.      This Court has jurisdiction to enter this Confirmation Order pursuant to 28 U.S.C. §§ 157 and 1334 and the automatic reference of all bankruptcy cases to this Court pursuant to Rule 83.12 of the Joint Local Rules of Civil Practice for the United States District Courts for the Eastern and Western Districts of Kentucky. This is a core proceeding under 28 U.S.C. § 157(b), and the Plan Proponents consent to entry of a final order by the Court in connection with this Confirmation Order to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

C.      The Debtor was eligible for relief under section 109 of the Bankruptcy Code.

2

23226838.v8

D. The Court takes judicial notice of the docket of the Chapter 11 Case maintained by the Clerk of this Court.

E. Any resolution of objections to the Plan or Disclosure Statement explained on the record at the Confirmation Hearing are hereby incorporated by reference. All unresolved objections, statements, informal objections, and reservations of rights, if any, related to the confirmation of the Plan are overruled on the merits.

F. On November 30, 2023, the Department of the Army, United States Army Corps of Engineers, Department of the Interior, and Environmental Protection Agency (the "United States") filed the *United States' Objection to Joint Plan of Liquidation proposed by Inmet Mining, LLC and the Official Committee of Unsecured Creditors* [Docket No. 819] (the "United States Objection"). The United States Objection was served on all parties in this Chapter 11 case receiving electronic notice, including counsel for Bluegrass Energy, LLC n/k/a Bluegrass Natural Resources, LLC ("Bluegrass"). Bluegrass did not appear at the Confirmation Hearing.

G. On October 5, 2023, the Plan Proponents filed the initial version of their Plan and Disclosure Statement [Docket Nos. 728, 729]. The filing of the Plan and Disclosure Statement satisfies Bankruptcy Rule 3016.

H. As evidenced by the affidavit of service filed on October 26, 2023 [Docket No. 774], the Plan Proponents caused the Ballots to be distributed as required by sections 1125 and 1126 of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rules 3017 and 3018, and all other rules, laws, and regulations applicable to such solicitation. The Solicitation Packages were transmitted in accordance with the Solicitation Procedures Order. Sufficient time was provided for the Voting Classes to accept, reject, or object to approval of the Disclosure

3

Statement and confirmation of the Plan. Such transmittal and service was adequate and sufficient under the circumstances and no other or further notice is or shall be required.

I. As evidenced by the affidavits of service, the Plan Proponents have provided proper, adequate, and sufficient notice of the Plan, Disclosure Statement, and the Confirmation Hearing, as required by Bankruptcy Rule 3017(d), to all holders of Claims and Interests and all other parties in interest, and no other or further notice is or shall be required.

J. The solicitation of acceptance or rejection of the Plan has been fair, properly conducted, in good faith, and in compliance with applicable provisions of the Bankruptcy Code, Bankruptcy Rules, and all other rules, laws, and regulations applicable to such solicitation.

K. The Disclosure Statement and Plan comply with all of the applicable provisions of the Bankruptcy Code including, but not limited to: (i) the proper classification of Claims and Interests (sections 1122 and 1123(a)(1) of the Bankruptcy Code); (ii) the specification of Unimpaired Classes (section 1123(b)(1) of the Bankruptcy Code); (iii) the specification of treatment of Impaired Classes (section 1123(a)(3) of the Bankruptcy Code); (iv) the provision for the equal treatment of each Claim or Interest within a particular class (section 1123(a)(4) of the Bankruptcy Code); (v) the provision for adequate and proper means of implementation (section 1123(a)(5) of the Bankruptcy Code); (vi) the prohibition against the issuance of non-voting equity securities (section 1123(a)(6) of the Bankruptcy Code); (vii) the selection of the Responsible Person (section 1123(a)(7) of the Bankruptcy Code); (viii) the inclusion of additional Plan provisions permitted to effectuate and implement the transactions contemplated by the Plan (section 1123(b) of the Bankruptcy Code); and (ix) the adequacy of the information contained in the Disclosure Statement (section 1125(b) of the Bankruptcy Code); and, thus, the Plan satisfies

23226838.v8

section 1129(a)(1) of the Bankruptcy Code and the Disclosure Statement provides adequate information and satisfies section 1125 of the Bankruptcy Code.

L.   As required by section 1129(a)(2) of the Bankruptcy Code, the Plan Proponents have complied with the Bankruptcy Code, Bankruptcy Rules, all other rules, laws, and regulations applicable to such solicitation, and all other orders of this Court.

M.   The Plan has been proposed in good faith and in compliance with applicable provisions of the Bankruptcy Code and not by any means forbidden by law, thus satisfying section 1129(a)(3) of the Bankruptcy Code.

N.   Any payments made or promised by the Debtor for services or for costs and expenses in, or in connection with, the Chapter 11 Case, or in connection with the Plan and incident to the Chapter 11 Case, have been approved by, or are subject to approval of this Court as reasonable, thus satisfying section 1129(a)(4) of the Bankruptcy Code.

O.   The identity of, and the terms of the proposed compensation to be paid to, the proposed Responsible Person is consistent with the interests of the Debtor's creditors and holders of Interests and with public policy and thus, the Plan satisfies section 1129(a)(5) of the Bankruptcy Code.

P.   The provisions of section 1129(a)(6) of the Bankruptcy Code are inapplicable to the Chapter 11 Case.

Q.   As evidenced by the Plan and as presented at the Confirmation Hearing, each holder of a Claim or Interest in each Impaired Class has either accepted the Plan or will receive or retain under the Plan property of a value, as of the Effective Date, that is not less than the amount that such holder would receive or retain if the Debtor liquidated under chapter 7 of the Bankruptcy Code on such date. Thus, the Plan satisfies section 1129(a)(7) of the Bankruptcy Code.

5

23226838.v8

R.  On December 1, 2023, the Debtor filed the *Declaration of Clarissa D. Cu Regarding the Solicitation and Tabulation of Votes on Joint Plan of Liquidation Proposed by INMET Mining, LLC and the Official Committee of Unsecured Creditors Under Chapter 11 of the Bankruptcy Code* [Docket No. 822-1] (the "Voting Report"). As evidenced by the Voting Report and based on the record before the Court, the procedures used to tabulate Ballots were fair and conducted in accordance with the Solicitation Procedures Order, the Bankruptcy Code, the Bankruptcy Rules, and all other applicable rules, laws, and regulations. Holders of Claims in Class 1-A and Class 1-B were eligible to vote on the Plan (collectively, the "Voting Classes"). The Ballots the Plan Proponents used to solicit votes to accept or reject the Plan from holders in the Voting Classes adequately addressed the particular needs of the Chapter 11 Case and were appropriate for holders in the Voting Classes to vote to accept or reject the Plan. The form of the Ballots were approved by the Court as part of the Solicitation Procedures Order. Holders of Claims or Interests in Class 2 were Impaired under the Plan and were deemed to reject the Plan (the "Non-Voting Class"). Based on the foregoing, and as evidenced by the Voting Report, Class 1-A voted to accept the Plan in accordance with the requirements of sections 1124, 1126, and 1129 of the Bankruptcy Code.  Class 1B did not cast any ballots accepting or rejecting the Plan.  The Plan does not satisfy the requirements of section 1129(a)(8) of the Bankruptcy Code.  Notwithstanding the foregoing, the Plan is confirmable because the Plan satisfies sections 1129(a)(10) and 1129(b) of the Bankruptcy Code, and the Plan may be confirmed notwithstanding the fact that Impaired Class 2 is deemed to have rejected the Plan.

S.  Except to the extent that the holder of a particular Claim has agreed to a different treatment of such Claim, the treatment of Claims under the Plan of the type specified in sections 507(a)(1) and 507(a)(3) through 507(a)(8) of the Bankruptcy Code, as further described in the

6

23226838.v8

Disclosure Statement complies with the provisions of section 1129(a)(9) of the Bankruptcy Code. Holders of Administrative Expense Claims have not objected to the Plan or have withdrawn their objection and, therefore, are deemed to consent to the Plan and to accept the treatment of their Claims under the Plan as further described in the Disclosure Statement and Plan in satisfaction of section 1129(a)(9) of the Bankruptcy Code.

  T. At least one impaired class of Claims has accepted the Plan, determined without including any acceptances of the Plan by any insider. Thus, the Plan satisfies section 1129(a)(10) of the Bankruptcy Code.

  U. The Plan provides for adequate means for its implementation and, thus, satisfies the requirements of section 1123(a)(5) of the Bankruptcy Code.

  V. All fees payable on or before the Effective Date, pursuant to United States Code title 28 section 1930, shall be paid in full in Cash by the Debtor on or before the Effective Date in accordance with section 1129(a)(12). All fees payable after the Effective Date shall be paid in full in cash by the Responsible Person until the Chapter 11 Case is converted, dismissed, or closed, whichever occurs first. Notwithstanding anything to the contrary in the Plan, the U.S. Trustee shall not be required to file a request for allowance of any Administrative Expense Claims.

  W. The Debtor did not offer "retiree benefits," as that term is used in the Bankruptcy Code, was not required to pay a domestic support obligation, and is not an individual. Accordingly, sections 1129(a)(13)–(15) of the Bankruptcy Code are inapplicable.

  X. The Debtor is moneyed, business, or commercial corporations. Accordingly, section 1129(a)(16) of the Bankruptcy Code is inapplicable.

  Y. No other chapter 11 plan has been proposed for confirmation in accordance with section 1129(c).

Z.       The primary purpose of the Plan is not the avoidance of taxes or the requirements of Section 5 of the Securities Act of 1933 in accordance with section 1129(d).

AA.      Confirmation of the Plan is not likely to be followed by the need for further financial reorganization of the Debtor.  Thus, the Plan satisfies section 1129(a)(11) of the Bankruptcy Code.

BB.      The Plan Proponents have acted in good faith with respect to the formulation, solicitation, and confirmation of the Plan pursuant to section 1125(e) of the Bankruptcy Code.

CC.      Holders of Interests in Class 2 are deemed to have rejected the Plan. Based on the evidence proffered, adduced, or presented at the Confirmation Hearing, the Plan does not discriminate unfairly and is fair and equitable with respect to Class 2. The Plan satisfies sections 1129(b)(1) and (b)(2) of the Bankruptcy Code. Thus, the Plan may be confirmed notwithstanding the deemed rejection of the Plan by the holders of Class 2 (Interests).

DD.      The other transactions contemplated pursuant to the Plan are essential elements of the Plan, proposed in good faith, critical to the Plan, and in the best interests of the Debtor, its Estate, all holders of Claims, all holders of Interests, and all other parties in interest.

EE.      All of the documents to be executed and delivered in connection with such transactions were negotiated and proposed, and will be or have been entered into, in good faith, without collusion, and from arm's-length bargaining positions. All of such documents are, or will be, valid, binding, and enforceable agreements, and are not in conflict with any applicable federal or state law.

FF.      The conditions to the occurrence of the Effective Date in Article VIII of the Plan are reasonably likely to be satisfied or waived in accordance with the Plan. With respect to any and all Executory Contracts of the Debtor that have not been assumed or assumed and assigned by

the Debtor as of the Effective Date, such Executory Contracts are burdensome to the Estate and rejection of such Executory Contracts is in the best interests of the Estate.

GG.    This Court has jurisdiction under 28 U.S.C. §§ 1334(a) and (b) to approve the exculpations set forth in Article IX of the Plan, as well as the related injunctions or stays provided for therein. Section 105(a) of the Bankruptcy Code permits approval of such exculpations and injunctions because, as has been established here, based upon the record in the Chapter 11 Case and the evidence proffered, adduced or presented at the Confirmation Hearing, the exculpations described in Article IX of the Plan are: (i) given in exchange for the good and valuable consideration provided by the Exculpated Parties; (ii) a good faith settlement and compromise of the claims released by Article IX of the Plan; (iii) integral to the agreements among the various parties in interest and essential to the formulation and implementation of the Plan, as provided in section 1123 of the Bankruptcy Code; (iv) in the best interests of the Debtor and its Estate; (v) fair, equitable, and reasonable; (vi) given and made after due notice and opportunity for hearing; and (vii) a bar to any entity asserting any claim or Cause of Action released by Article IX of the Plan.

HH.    The exculpations and other provisions contained in Article IX of the Plan are consensual in nature. Specifically, the Confirmation Notice was sent to parties in interest on October 26, 2023 [Docket No. 774], and the Ballots were sent to all holders of Impaired Claims in the Voting Classes. Accordingly, for the reasons set forth herein and at the Confirmation Hearing, the exculpations (i) are an essential means of implementing the Plan, (ii) are fair, equitable, and reasonable and in exchange for the good and valuable consideration provided by the Exculpated Parties, (iii) are a good-faith settlement and compromise of the claims and Causes of Action resolved thereby, (iv) are materially beneficial to, and in the best interests of, the Debtor, its Estate, and its stakeholders, (v) are fair, equitable, and reasonable, (vi) are given and made after due notice

23226838.v8

and opportunity for hearing, (vii) are consistent with sections 105, 524, 1123, 1129, and 1141 and other applicable provisions of the Bankruptcy Code, (viii) are an integral and non-severable element of the Plan and the transactions incorporated therein, (ix) confer a material benefit on, and is in the best interests of, the Debtor, its Estate, and all holders of Claims and Interests, (x) are specific in language and scope, and (xi) are important to the overall objectives of the Plan to finally resolve all Claims among or against the parties in interest in the Chapter 11 Case with respect to the Debtor.

II. The Exculpation is an essential provision of the Plan. The Exculpation is appropriate under applicable law because it was proposed in good faith, was formulated following extensive good-faith, arm's-length negotiations with the Plan Proponents and the Exculpated Parties, and was agreed upon in return for the Exculpated Parties providing benefits to the Debtor. The Exculpation appropriately affords protection to those parties who constructively participated in and contributed to the Debtor's chapter 11 process and it is appropriately tailored to protect the Exculpated Parties from inappropriate litigation. The Exculpation granted under the Plan is reasonable in scope as it does not relieve any party of liability for an act or omission to the extent such act or omission is determined by final order to constitute actual fraud, willful misconduct, or gross negligence.

JJ. The Injunction is essential to the Plan and is necessary to implement the Plan and to preserve and enforce the Releases, the Exculpation, and release provisions in Article IX of the Plan. The Injunction is appropriately tailored to achieve those purposes.

KK. The record of the Confirmation Hearing is sufficient to support the Exculpation and the Injunction. Accordingly, based upon the representations of the parties and the evidence proffered, adduced, or presented at the Confirmation Hearing and in the *Memorandum in Support*

23226838.v8

*of the Joint Plan of Liquidation and Response to Objection to Plan* [Docket No. 823], the Releases, Exculpation, and Injunction are consistent with the Bankruptcy Code and applicable law.

LL. The Plan Proponents have met their burden of proving the elements of sections 1129(a) and (b) of the Bankruptcy Code by a preponderance of the evidence, which is the applicable evidentiary standard. This Court also finds that the Plan Proponents have satisfied the elements of sections 1129(a) and (b) of the Bankruptcy Code under the clear and convincing standard of proof.

MM. As a result of the foregoing, the Plan satisfies all applicable confirmation requirements and the Disclosure Statement contains adequate information.

NN. This Court properly may retain jurisdiction over the matters set forth in Article X of the Plan.

OO. Under the circumstances, it is appropriate that the 14-day stay imposed by Bankruptcy Rules 3020(e) and 7062 be waived.

**ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

1. The Plan is approved and confirmed on a final basis pursuant to section 1129 of the Bankruptcy Code; provided, however, that, if there is any conflict between the terms of the Plan and the terms of this Confirmation Order, the terms of this Confirmation Order shall control. The terms of the Plan are incorporated by reference into, and are an integral part of, this Confirmation Order. The only objections to the Plan were filed by the United States [Docket No. 819] and the Tennessee Department of Revenue ("TDOR") [Docket No. 792]. The TDOR objection is resolved consensually via language that has been added to this Order. The objection of the United States was overruled by a separate order entered contemporaneously herewith.

23226838.v8

2.  The Disclosure Statement is approved on a final basis as containing adequate information within the meaning of section 1125 of the Bankruptcy Code, and any objections to the adequacy of the information contained in the Disclosure Statement not otherwise consensually resolved are overruled.

3.  Subject to the provisions of the Plan, in accordance with section 1141(a) of the Bankruptcy Code, and notwithstanding any otherwise applicable law, upon the occurrence of the Effective Date, the terms of the Plan and this Confirmation Order shall be binding upon, and inure to the benefit of: (i) the Debtor; (ii) the Liquidating Trust; (iii) any and all holders of Claims or Interests (irrespective of whether any of such Claims or Interests are Impaired under the Plan or whether the Holders of such Claims or Interests accepted, rejected, or are deemed to have accepted or rejected the Plan, or whether such Holders filed a proof of claim or interest); (iv) any other entity giving, acquiring, or receiving property under the Plan; (v) any and all non-debtor parties to any Executory Contract or Unexpired Lease; (vi) the Responsible Person, in his capacity as such; and (vii) the respective Representatives, if any, of any of the foregoing.

4.  For the avoidance of doubt, the Plan shall not become effective unless and until the conditions set forth in Article VIII.A. of the Plan have been satisfied or waived pursuant to Article VIII.B. of the Plan.

5.  The Debtor shall remain a debtor in possession under the Bankruptcy Code until the Effective Date. The Debtor and the Responsible Person are hereby authorized to wind up the Debtor's affairs and may make Plan Distributions after the Effective Date in accordance with this Confirmation Order, the Plan, and the Liquidating Trust Agreement.

6.  The appointment of Evan Blum as Responsible Person and the terms of the proposed compensation in the Liquidating Trust Agreement are hereby approved. The

Responsible Person shall have such rights, powers, and duties and shall receive such compensation as is provided for in the Plan, this Confirmation Order, and the Liquidating Trust Agreement (collectively, the "Plan Documents").

7. Article IV(I) of the Plan is amended and superseded as follows:

> The Responsible Person shall not be construed as, or deemed to be, an agent, owner, operator, or controller of the Debtor or its operations for the purposes of the Surface Mining Control and Reclamation Act ("SMCRA") and the Clean Water Act and the state counterparts thereto and the rules and regulations thereunder, the applicant violator system ("AVS"), or any other applicable environmental law, solely on account of the performance of Responsible Person's duties for the Debtor, so long as the Responsible Person does not use, or allow the use of (except as Debtor has already been authorized in accordance with the Coking Coal Sale Order and the Bluegrass Energy Sale Order), the Debtor's permits to conduct any surface coal mining operations as that term is defined in SMCRA (30 U.S.C. § 1291(28)), Kentucky Revised Statute § 350.010, and the state and federal regulations that implement SMCRA, or otherwise violate the Clean Water Act.

8. Except as otherwise expressly provided under the Plan or under this Confirmation Order, any and all Executory Contracts and Unexpired Leases that have not been assumed or assumed and assigned by the Debtor as of the Effective Date shall be deemed rejected effective as of the Effective Date.

9. Indemnity National Insurance Company ("Surety") has (a) issued certain commercial surety bonds on behalf of and/or for the benefit of the Debtor in connection with the Purchased Permits (collectively, the "Existing Surety Bonds"); and (b) entered into certain indemnity and related agreements with the Debtor, and certain non-debtor affiliates, regarding the Existing Surety Bonds (the "Bond Agreement"). Nothing in the Plan or this Order shall be construed to authorize or permit the assumption or assignment of the Existing Surety Bonds or the Bond Agreements.

23226838.v8

10. Except to the extent expressly set forth in the Surety Release, the Coking Coal Sale Order, and/or the Bluegrass Energy Sale Order, nothing in the Plan or this Order shall (i) release, discharge, preclude or enjoin any obligation of the Debtor, or any non-debtor affiliate, to Surety under the Existing Surety Bonds, the Bond Agreement, and/or the common law of suretyship; (ii) alter, diminish or in any way modify the rights of Surety under the Existing Surety Bonds and/or the Bond Agreement; (iii) release, preclude, or enjoin Surety from asserting any rights, claims or defenses available to Surety or the Debtor against any obligee of any Existing Surety Bond; and/or (iv) release, preclude or enjoin Surety from exercising those rights and remedies granted to Surety, both in its own capacity and as a third-party beneficiary, pursuant to the Coking Coal Sale Order, the Bluegrass Energy Sale Order, and/or the associated transaction documents.

11. Notwithstanding any provision of the Plan to the contrary, consistent with section 503(b)(1)(D) of the Bankruptcy Code, the TDOR shall not be required to file a request for payment of an expense described in sections 503(b)(1)(B) or 503(b)(1)(C) of the Bankruptcy Code as a condition of its being an allowed administrative expense claim.  Notwithstanding any provision of the Plan to the contrary, interest on Allowed Priority Tax Claims of the TDOR shall be paid at the rate determined under applicable nonbankruptcy law, consistent with sections 1129(a)(9)(C) and 511(a) of the Bankruptcy Code.  To be clear, nothing in this Order or the Plan shall deem the TDOR's claim asserted in Proof of Claim No. 5-1 (the "TN Claim") as an Allowed Priority Tax Claim (as defined in the Plan), but the TDOR shall maintain the right to assert and or amend the TN Claim and the Responsible Person shall maintain the right to object to the TN Claim.

12. Any insurance policies of the Debtor in which the Debtor is or was an insured party (including any policies covering managers' or officers' conduct), or any related insurance agreement issued prior to the Petition Date, shall be treated as Executory Contracts under the Plan.

Unless otherwise provided in the Plan, on the Effective Date, the Debtor shall be deemed to have assumed and assigned to the Liquidating Trust all insurance policies and any agreements, documents, and instruments relating to the coverage of all insured Claims.

13. On the Effective Date of the Plan, the Committee shall be dissolved as provided by Article IV.D. of the Plan, subject to the rights set forth therein.

14. Unless required to be filed by an earlier date by another order of this Court, any holder of an Administrative Claim, other than Priority Tax Claims or U.S. Trustee Fees, must file with this Bankruptcy Court (and not the Claims Agent, which will be insufficient) and serve on (i) the Responsible Person, (ii) the U.S. Trustee, and (iii) all parties requesting notice pursuant to Bankruptcy Rule 2002, a request for payment of such Administrative Claim by completing the one-page *Request for Payment of Administrative Expense Claim*, which will be attached to the Debtor's notice of the Effective Date, so as to be received by the Final Administrative Claims Bar Date, which shall be at 5:00 p.m. (prevailing Eastern Time) on the first Business Day that is 30 days after the Effective Date. Such request must include at a minimum: (i) the name of the holder of the Administrative Claim; (ii) the amount of the asserted Administrative Claim; (iii) the basis of the Administrative Claim; (iv) when the Administrative Claim was incurred; and (v) all supporting documentation for the Administrative Claim. Any Administrative Claim that is not timely filed as set forth above will be forever barred, and holders of such Administrative Claims will not be able to assert such Claims in any manner against the Responsible Person, the Liquidating Trust, the Debtor, its Estate, or its respective Representatives, successors, assigns, or any of the foregoing parties' respective property.

15. The deadline for submission by Professionals for Bankruptcy Court approval of Accrued Professional Compensation shall be the 60th day following the Effective Date.

23226838.v8

16. Notwithstanding anything contained in the Plan, the Plan Documents, or this Confirmation Order to the contrary, nothing in the Plan, the Plan Documents, or this Confirmation Order shall discharge, release, impair, enjoin, exculpate, or otherwise preclude or diminish: (i) any liability to any governmental unit as defined in section 101(27) of the Bankruptcy Code ("<u>Governmental Unit</u>") that is not a "claim" within the meaning of section 101(5) of the Bankruptcy Code; (ii) any liability to any Governmental Unit arising after the Confirmation Date; (iii) any liability or obligation to, or any Claim or Cause of Action by, a Governmental Unit under Police or Regulatory Law or Environmental Law to which any entity is subject as the owner, lessor, lessee, permittee, controller, or operator of real property or a mine (including any idled, closed, and inactive mines, associated impoundments, disposal areas and wells, and treatment plants) or other facility after the Plan Effective Date (whether or not such liability, obligation, Claim or Cause of Action is based in whole or in part on acts or omissions prior to the Plan Effective Date), including, but not limited to, liability for reclamation; restoration; dam safety; water treatment; stream and wetland mitigation; underground injection control; contamination; pollution; hazardous or toxic substances; mine drainage; water supply protection; mine subsidence remediation; protection of the environment; and impacts on human health, safety, and welfare; or (iv) any liability to any Governmental Unit of any non-debtor. Nothing in this Confirmation Order or the Plan shall impair any setoff or recoupment rights of any Governmental Unit. All rights and defenses of the Debtor and its Representatives under applicable non-bankruptcy laws, regulations, and rules concerning any Governmental Unit's setoff or recoupment rights are expressly reserved.

17. Nor shall anything in this Confirmation Order, the Plan, or the Plan Documents authorize the transfer or assignment of any governmental (i) license, (ii) permit, (iii) registration, (iv) authorization, (v) certification, or (vi) approval, or the discontinuation of any obligation

23226838.v8

thereunder, without compliance with all applicable legal requirements under non-bankruptcy laws, regulations, and rules (including police or regulatory law or environmental law, or otherwise).

18. Nothing in the Plan or this Confirmation Order shall alter, limit, modify, release, discharge, preclude, or enjoin any term or provision of or any obligations of each respective party subject to the Sale Orders and the Settlement Order. Nothing in the Plan or this Order shall be interpreted to authorize the Responsible Person to abandon any permit without seeking a further order of this Court.

19. Notwithstanding anything to the contrary in this Order or the Plan, the injunction granted under Article IX, Section D.2 of the Plan shall be limited temporally to actions, events and potential Claims that arose on or after the Petition Date for the Exculpated Parties.

20. This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules or regulations of any State or any other governmental authority with respect to the implementation or consummation of the Plan. Each federal, state, commonwealth, local, or other governmental agency is hereby authorized to accept any and all documents and instruments necessary or appropriate to effectuate, implement, or consummate the transactions contemplated by the Plan and this Confirmation Order.

21. The Debtor is hereby authorized to execute, deliver, file, or record such documents, contracts, instruments, releases, and other agreements, and to take such other actions, as may be necessary or appropriate to effectuate, implement, or further evidence the terms and conditions of the Plan. On and after the Effective Date, the Responsible Person is authorized and empowered to issue, execute, file, and deliver or record such documents, contracts, instruments, releases, and other agreements in the name of and on behalf of the Debtor.

23226838.v8

22.  Each term and provision of the Plan, as it may have been altered or interpreted by the terms of this Confirmation Order, is: (i) valid and enforceable pursuant to its terms; (ii) integral to the Plan; and (iii) non-severable and mutually dependent.

23.  This Court hereby retains jurisdiction of the Chapter 11 Case and all matters arising under, arising out of, or related to, the Chapter 11 Case and the Plan (i) as provided for in Article X of the Plan, (ii) as provided for in this Confirmation Order, and (iii) for the purposes set forth in sections 1127 and 1142 of the Bankruptcy Code.

24.  The exculpation, injunction, and indemnification provisions contained in the Plan including, without limitation, those set forth in Article IX of the Plan, are expressly incorporated into this Confirmation Order as if set forth in full and are hereby authorized and approved and shall be effective and binding on all persons or entities, to the extent provided therein.

25.  The failure to reference or discuss any particular provision of the Plan in this Confirmation Order shall have no effect on the validity, binding effect, and enforceability or such provision and such provision shall have the same validity, binding effect, and enforceability as every other provision of the Plan.

26.  The provisions of Civil Rule 62, as applicable pursuant to Bankruptcy Rule 7062, and Bankruptcy Rule 3020(e) shall not apply to this Confirmation Order. The period in which an appeal with respect to this Confirmation Order must be filed shall commence immediately upon the entry of this Confirmation Order.

27.  Pursuant to Bankruptcy Rule 2002(f)(7) and 3020(c), the Responsible Person shall serve a notice of the Effective Date no later than 40 calendar days after entry of the Confirmation Order.

23226838.v8

28. Subject to the occurrence of the Effective Date, and notwithstanding Bankruptcy Rules 3020(e), 6004(h), 7062, 8001, or otherwise, immediately upon the entry of this Confirmation Order, the terms of the Plan and this Confirmation Order shall be, and hereby are, immediately effective and enforceable.

29. The Plan Proponents are authorized to consummate the Plan at any time after the entry of the Confirmation Order, subject to satisfaction or waiver of the conditions precedent to the occurrence of the Effective Date as set forth in Article VIII of the Plan. On the Effective Date, the Plan shall be deemed to be substantially consummated within the meaning in section 1101 of the Bankruptcy Code and pursuant to section 1127(b) of the Bankruptcy Code.

30. The Court reserves the right to enter supplemental findings of fact and conclusions of law regarding this matter.

Tendered By:

*/s/ James R. Irving*
James R. Irving
April A. Wimberg
DENTONS BINGHAM GREENEBAUM LLP
3500 PNC Tower, 101 S. Fifth Street
Louisville, KY 40202
Telephone: (502) 587-3606
E-mail: james.irving@dentons.com
        april.wimberg@dentons.com

*Co-counsel for the Official Committee of Unsecured Creditors*

19

23226838.v8

---

**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*Gregory R. Schaaf*
**Bankruptcy Judge**
**Dated: Wednesday, December 13, 2023**
**(grs)**