**UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION**

| | |
|---|---|
| In re:<br><br>INMET MINING, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 23-70113-grs<br><br>Honorable Gregory R. Schaaf |

**THE LIQUIDATING TRUST OF INMET MINING, LLC'S
THIRD OMNIBUS OBJECTION TO CLAIMS**

> **YOUR RIGHTS MAY BE AFFECTED. This is an omnibus objection pursuant to Federal Rule of Bankruptcy Procedure 3007. Parties receiving this Objection should locate their names and their claims herein.**

The Liquidating Trust of Inmet Mining, LLC (the "Trust") files this omnibus claim objection (the "Objection") and seeks entry of an order, substantially in the form attached hereto disallowing and expunging or reducing the American Mine Claim, Kopper Glo Claim, Blue Tarpon Claim, Norfolk Claim, and Rockwood Claim (each as defined below). In further support of this Objection, the Trust states as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and Local Rule 83.12 for the United States District Court for the Eastern District of Kentucky.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

4. The Trust seeks relief under sections 105(a), 502(b) and 502(c) of the of the United States Code (the "Bankruptcy Code") as well as Rules 3007 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

23663852.v3

**BACKGROUND**

5. On April 5, 2023 (the "Petition Date"), the Debtor commenced this chapter 11 case (the "Chapter 11 Case") by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

6. On April 14, 2023, the United States Trustee appointed the Official Committee of Unsecured Creditors [Docket No. 113] (the "Committee").

7. On June 17, 2023, the Debtor filed its *Amended Schedules of Assets and Liabilities* and *Amended Statement of Financial Affairs* [Docket No. 410] (together, as amended, the "Schedules"). In the Schedules, the Debtor lists Kopper Glo Mining, LLC ("Kopper Glo") as holding a general unsecured claim in the amount of $97,651.89 (the "Kopper Glo Claim"). The Schedules further disclose that Kopper Glo was an insider of the Debtor, as defined in section 101 of the Bankruptcy Code, and that during the year before the Petition Date the Debtor made over $1,000,000 in transfers to Kopper Glo.

8. On June 30, 2023, American Mine Power, Inc. ("American Mine") submitted a proof of claim [Claim No. 15] (the "American Mine Claim"), by which it asserted a general unsecured claim in the amount of $69,800 on account of goods sold or repaired.

9. On July 18, 2023, Blue Tarpon Capital, LLC ("Blue Tarpon") submitted a proof of claim [Claim No. 30] (the "Blue Tarpon Claim"), by which it asserted a secured claim in the amount of $1,350,000 on account of a guaranty claim. On October 18, 2023, the Debtor filed an objection to the Blue Tarpon Claim arguing that it should not be characterized as a secured claim. [Docket No. 745]. On November 21, 2023, the Court entered an order sustaining that objection and deeming the Blue Tarpon Claim to be an unsecured claim. [Docket No. 803].

23663852.v3

10. On July 18, 2023, Norfolk Southern Railway Company ("Norfolk") submitted a proof of claim [Claim No. 31] (the "Norfolk Claim"), by which it asserted a general unsecured claim in the amount of $8,332.29. The basis of Norfolk's claim is a Lease Agreement dated December 1, 2009 originally entered into between Norfolk Southern and Powell Mountain Energy, LLC (the "Powell Mountain Lease"). Norfolk asserts that the Debtor is responsible for amounts due under the Powell Mountain Lease.

11. On July 19, 2023, Rockwood Casualty Insurance Company ("Rockwood") submitted a proof of claim [Claim No. 39] (the "Rockwood Claim"), by which it asserted a general unsecured claim in the amount of $322,326 on account of insurance premiums. Prior to the filing of this Motion, the Debtor submitted materials to Rockwood for an audit of the amounts owed.

12. On December 20, 2023 the Debtor and the Committee filed a *Notice of: (A) Entry of an Order Confirming Joint Plan of Liquidation, (B) Effective Date of Plan, and (C) Deadline for Filing Certain Claims* [Docket No. 876]. Pursuant to the Plan, the Trust has authority to review and object to claims.

### RELIEF REQUESTED

13. By this Objection, and as further set forth below, the Trust seeks entry of an order disallowing the Kopper Glo Claim, the Norfolk Claim and the Blue Tarpon Claim.

### ARGUMENT

14. Section 502(a) of the Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under section 501 of [the Bankruptcy Code], is deemed allowed unless a party in interest . . . objects." 11 U.S.C. § 502(a). A properly executed and filed proof of claim "constitute[s] prima facie evidence of the validity and amount of the claim." FED. R. BANKR. PRO. 3001(f). However, to receive the benefit of prima facie validity, a claimant "must allege facts

sufficient to support the claim." *Normali v. O'Donnell (In re O'Donnell)*, 2005 WL 1279268, at *4 (B.A.P. 6th Cir. 2005) (quoting *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173–74 (3d Cir. 1992)). Once an objecting party makes a "colorable challenge to a properly filed proof of claim . . . the burden of going forward shifts to the creditor, and the creditor bears the ultimate burden of persuasion." *In re Tudor*, 342 B.R. 540, 550 (Bankr. S.D. Ohio 2005). "While the burden of going forward shifts during the claims objection process, the ultimate burden of persuasion is always on the claimant to prove the claimed entitlement." *In re Leatherland Corp.*, 302 B.R. 250, 258–59 (Bankr. N.D. Ohio 2003); *see also Nat'l Union Fire Ins. Co. v. VP Bldgs., Inc.*, 606 F.3d 835, 838 (6th Cir. 2010) (explaining that claimant has burden to prove entitlement to administrative expense or priority claim).

**A.   The American Mine Claim Should be Reduced.**

15. In the Schedules, the Debtor scheduled American Mine as having a claim in the amount of $0.00. However, in its proof of claim, American Mine asserts that the amount of the American Mine Claim is $69,800. However, the Trust believes that the amount of the American Mine Claim should be reduced to just $35,300. The Debtor's records indicate that one of the invoices attached to American Mine's proof of claim in the amount of $34,500 was previously satisfied by the Debtor.

**B.   The Kopper Glo Claim Should be Disallowed.**

16. In the Schedules, the Debtor provides no basis for the Kopper Glo Claim. Kopper Glo did not file a proof of claim to provide any further basis for its claim. The Trust believes that the claim may be the result of internal accounting between Kopper Glo and its affiliate, the Debtor, and that any such claim might be ephemeral, or at the very least subject to offset or reduction. Accordingly, the Trust believes that the Kopper Glo Claim should be disallowed.

C.  **The Blue Tarpon Claim Should be Disallowed.**

17. The Debtor's books and records reflect that the Blue Tarpon Claim was satisfied before the Petition Date.

18. Corbin Robertson, III is the sole member of Blue Tarpon. Mr. Robertson and his entity, BHJ Investments, LP, held interests in International Minerals Group LLC ("IMG"). On March 13, 2018, Blue Tarpon loaned IMG and Kopper Glo the principal amount of $2,500,000. On October 9, 2018, the parties increased the amount of the loan to $4,350,000.

19. On August 15, 2019, the Debtor was organized. Subsequently, the Debtor acquired mining assets from the debtors in the *In re Blackjewel, L.L.C. et al.* chapter 11 bankruptcy cases.

20. On December 31, 2019, Mr. Robertson and BHJ Investments, LP assigned their membership interests in IMG to Keith Dyke and Hunter Hobson.

21. In 2020 Blue Tarpon contended to the Debtor that Blue Tarpon's consent was required for the Debtor to acquire assets in the *In re Blackjewel, L.L.C. et al.* bankruptcy cases, and that the Debtor must guaranty $1,350,000 of IMG's and Kopper Glo's debt to Blue Tarpon. The Debtor agreed to this. The Debtor executed a security agreement in favor of Blue Tarpon and on July 2, 2020, Blue Tarpon filed a UCC Financing Statement to perfect a lien on all of the Debtor's assets.

22. On July 30, 2020, Blue Tarpon sued IMG, Kopper Glo, and the Debtor for non-payment.

23. On September 14, 2020, the parties entered into a Stand-Still Agreement whereby Kopper Glo agreed to transfer equipment to Blue Tarpon to satisfy the note. The Stand-Still Agreement was amended several times.

24.     As of January 18, 2023, the Debtor's former principal Hunter Hobson took the position that the Debtor's obligations to Blue Tarpon were satisfied because of the transfer of equipment under the Stand-Still Agreement and because Blue Tarpon did not further pursue the Debtor past 2021.

25.     Accordingly, based upon the information available to the Trust, the Blue Tarpon Claim has been satisfied and it should be entirely disallowed.

**D.     The Norfolk Claim Should be Disallowed.**

26.     The Debtor is not a party to the Norfolk Lease, and the Trust believes that the Debtor is not liable under it or for any portion of the Norfolk Claim. The attachments to Norfolk's proof of claim do not connect the Debtor to this claim, there is no record of the Norfolk Claim in the Debtor's books and records, and therefore the claim should be disallowed absent further proof of liability.

**E.     The Rockwood Claim Should be Disallowed, or at least, Reduced.**

27.     In its proof of claim, Rockwood asserts that the amount of the Rockwood Claim is $322,326. Prior to the filing of this Motion, the Debtor submitted materials to Rockwood for an audit of the amounts owed. Specifically, the Trust understands that Rockwood is conducting an audit of premiums paid for Workers' Compensation coverage provided from September 2022 through July 2023. The Trust believes that as a result of the audit the Rockwood Claim may be reduced to zero or, at a minimum, reduced.

**RESERVATION OF RIGHTS**

28.     The Debtor reserves the right to file a substantive objection to any proof of claim filed or included in the Schedules.

## CONTESTED MATTERS

29. Each of the objections to individual proofs of claim constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014. Thus, any order entered by the Court with respect to each objection asserted herein will be deemed a separate order with respect to each disputed claim.

## COMPLIANCE WITH BANKRUPTCY RULES

30. The Trust states that the content of this Objection is in full compliance with the Bankruptcy Rules for the following reasons:

   a. this Objection conspicuously states on the first page the following (emphasis in original): "**YOUR RIGHTS MAY BE AFFECTED. This is an omnibus objection pursuant to Federal Rule of Bankruptcy Procedure 3007. Parties receiving this Objection should locate their names and their claims**" as required under Bankruptcy Rule 3007(e)(1);

   b. this Objection lists the claimants with a cross-reference to claim numbers, as appropriate, as required under Bankruptcy Rule 3007(e)(2);

   c. this Objection states the grounds of the objections;

   d. this Objection states the title and identity of the objecting party (the Trust) and states the grounds for this Objection as required under Bankruptcy Rule 3007(e)(4);

   e. this Objection is numbered sequentially with other objections as required under Bankruptcy Rule 3007(e)(5); and

   f. this Objection contains fewer than 100 objections as required under Bankruptcy Rule 3007(e)(6).

31. Further, this Objection will be filed with the Court and served upon (i) each affected claimant party set forth herein that is subject to this Objection or their respective attorney of record (if known), (ii) the U.S. Trustee, and (iii) the entities on the current Master Service List. Thus, the Objection complies with Bankruptcy Rules 2002 and 3007(a).

32. Further, this Objection will be set for hearing at least thirty (30) days after it is filed

as required by Bankruptcy Rule 3007(a).

## NOTICE

33. The Trust will serve this Objection upon (i) each affected claimant party set forth herein that is subject to this Objection or their respective attorney of record (if known), (ii) the U.S. Trustee, and (iv) the entities on the current Master Service List. The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

34. PLEASE TAKE NOTICE that a hearing shall be held on the Objection on Thursday, April 18, 2024 at 9:00 a.m. (Eastern Time) before the Honorable Gregory R. Schaaf, at the U.S. Bankruptcy Court for the Eastern District of Kentucky, located at 100 East Street, 2nd Floor Courtroom, Lexington, Kentucky 40507.

WHEREFORE, the Trust respectfully requests that the Court grant the relief requested herein, enter the attached order, and such other and further relief as the Court may deem just and proper.

Dated: March 18, 2024

/s/ James R. Irving
James R. Irving
April A. Wimberg
DENTONS BINGHAM GREENEBAUM LLP
3500 PNC Tower, 101 S. Fifth Street
Louisville, Kentucky 40202
Telephone: (502) 587-3606
E-mail: james.irving@dentons.com
        april.wimberg@dentons.com

*Counsel to the Liquidating Trust*

## CERTIFICATE OF SERVICE

I, James R. Irving, certify that on March 18, 2024, I caused the *The Liquidating Trust of Inmet Mining, LLC's Third Omnibus Objection Claims with Insufficient Supporting Documentation (*the "Objection"); to be filed via the Court's CM/ECF electronic filing system, which was sent to all parties requesting notification through the Court's CM/ECF system. I further certify that on March 18, 2024, I caused the Objection to be served for delivery by United States Postal Service, via First Class United States Mail, postage prepaid, to the following addresses:

American Mine Power, Inc.
P.O. Box 1602
Crab Orchard, WV 25827

Blue Tarpon Capital, LLC
Epstein Becker & Green
c/o Jeremy Oliver
1222 Demonbreun Street, Suite 1400
Nashville, TN 37203

Rockwood Casualty Insurance Co.
Louis M. Bubala III
Kaempfer Crowell
50 W. Liberty Street, Suite 700
Reno, NV 89501

Kopper Glo Mining, LLC
3271 Lakeside Drive
Lenoir City, TN 37772

Norfolk Southern Railway Company
Potter Anderson & Corroon LLP
Attn: R. Stephen McNeill
1313 N. Market Street, 6th Floor
Wilmington, DE 19801

/s/ James R. Irving
James R. Irving

23663852.v3