**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF KENTUCKY**
**PIKEVILLE DIVISION**

---------------------------------------------------------x
In re:                                          :     Chapter 11
                                                :
INMET MINING, LLC,[1]                           :     Case No. 23-70113-grs
                                                :
            Debtor.                             :     Hon. Gregory R. Schaaf
---------------------------------------------------------x

**JOINT MOTION OF THE LIQUIDATING TRUST OF**
**INMET MINING, LLC AND THE KENTUCKY DEPARTMENT**
**OF REVENUE TO ALLOW CLAIM NO. 1-1 IN AN AGREED AMOUNT**

The Liquidating Trust of INMET Mining, LLC (the "Trust") acting through Evan Blum, in his fiduciary capacity as Responsible Person for the Trust (the "Responsible Person"), and the Kentucky Department of Revenue (the "KDOR", and together with the Trust, the "Parties", and each a "Party") hereby move the Court (the "Motion") for the entry of an order to allowing the proof of claim filed by the KDOR [Claim No. 1-1] in the agreed amount of $1,592,975.69. In further support of the Motion, the Parties respectfully represent as follows:

**JURISDICTION AND VENUE**

1.    This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

**BACKGROUND**

2.    On April 5, 2023 (the "Petition Date"), INMET Mining, LLC (the "Debtor") commenced this chapter 11 case (the "Chapter 11 Case") by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

---
[1]    The former Debtor in this chapter 11 case was INMET Mining, LLC (last four digits of its federal tax identification number are 1693).

1

24718173.v4

3.      On April 14, 2023, KDOR submitted a proof of claim [Claim No. 1-1] by which it asserted a claim in the total amount of $3,190,821.19 based upon taxes owed by the Debtor (the "KDOR Claim").  The KDOR asserts that $1,851,695.64 of the total amount of the KDOR Claim is entitled to priority under section 507(a)(8) of the Bankruptcy Code, and the remaining $1,339,000 is a general unsecured claim.

4.      On December 13, 2023, the Bankruptcy Court entered its *Order Confirming Joint Plan of Liquidation Proposed by Inmet Mining, LLC and the Official Committee of Unsecured Creditors Under Chapter 11 of the Bankruptcy Code* [Docket No. 867] (the "Confirmation Order").  Under the terms of the Confirmation Order and the *Joint Plan of Liquidation Proposed by INMET Mining, LLC and the Official Committee of Unsecured Creditors Under Chapter 11 of the Bankruptcy Code* [Docket No. 728] (the "Plan") in confirmed, the Trust was created and became the successor in interest to the Debtor with the power to review, object to, and resolve claims in the Chapter 11 Case.

5.      Upon the closing of the sale of the Trust's claim in the *In re Coking Coal, LLC*, Chapter 11 Case No. 24-70529 (Bankr. E.D. Ky.) (the "Coking Coal Bankruptcy Case"), the Trust will have more than sufficient cash to pay all priority claims.  As a result, following the entry of an order granting this Motion the Trust intends to pay the KDOR Claim discussed herein as well as the other remaining priority claim(s) in the Chapter 11 Case.

### RELIEF REQUESTED AND BASIS FOR RELIEF

6.      The Parties have negotiated a resolution of the KDOR Claim.  Specifically, the Parties have agreed that the amount of the KDOR Claim shall be reduced to $1,592,975.69 (the "Allowed Amount"), which is the principal balance of the taxes owed by the Debtor to the KDOR.  Further, as part of this resolution, the Allowed Amount will have priority under section 507(a)(8) of the Bankruptcy Code, and the Trust will use the proceeds of its recent sale of a claim in the

Coking Coal Bankruptcy Case to satisfy the KDOR Claim in full within fourteen days of entry of an order granting this Motion.

7. Article VI, Section B of the Plan provides, among other things, that "[s]hould a claimant elect to compromise, settle or otherwise resolve any objections asserted by the Responsible Person, the Responsible Person may settle, compromise or otherwise resolve any Disputed Claim without approval of the Bankruptcy Court. The Responsible Person, in his sole discretion, may settle Causes of Action if such amount does not $20,000. If such amount exceeds $20,000, the Responsible Person shall consult the Oversight Committee, which will need to approve such settlement." (Plan, Article VI, Section B). The Oversight Committee's remaining member has approved the relief requested herein.

8. Although the Plan provides that Bankruptcy Court approval is not required to approve the compromise set forth herein, the Trust seeks entry of an order of the Bankruptcy Court to clean-up and clarify the claims register with respect to the KDOR Claim. However, even if approval of the compromise was required under rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), such approval should be granted here.

9. Bankruptcy Rule 9019 provides that "[o]n motion by the trustee and after notice and hearing, the court may approve a compromise or settlement." FED. R. BANKR. P. 9019. In reviewing any proposed settlement under Bankruptcy Rule 9019, courts will approve the settlement if it is "fair and equitable" and in the best interests of the debtor's bankruptcy estate. *Protective Comm. for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968). Compromises are favored in bankruptcy in order to minimize the cost of litigation to the estate and expedite its administration. *In re McInerney*, 528 B.R. 684, 687 (Bankr. E.D. Mich. 2014). Bankruptcy courts have broad discretion to approve or reject a proposed settlement.

*In re Levine*, 287 B.R. 683, 689 (Bankr. E.D. Mich. 2002) (citations omitted).

10. The compromise between the Parties proposed in this Motion is "fair and equitable." The reduction of the KDOR Claim will materially benefit the Trust and improve the recovery for the Debtor's other creditors, the settlement itself will eliminate uncertainty, it will minimize legal costs, and the Trust can afford the immediate payment following the sale of its claim in the Coking Coal Bankruptcy Case.

11. The Plan also provides that the Trust must pay the other Priority Claims and Priority Tax Claims, as defined by the Plan, "when the Liquidating Trust has collected sufficient funds to make a Distribution which shall satisfy all or a percentage of Allowed Priority Tax Claims and Other Priority Claims." (Plan, Article II, Section E).

12. The sale of its claim in the Coking Coal Bankruptcy Case has afforded the Trust with the liquidity necessary to pay all of the Priority Claims and Priority Tax Claims as defined by the Plan. The Trust intends to satisfy all Priority Claims and Priority Tax Claims together as required by the Plan, including the KDOR Claim, as well as the priority portion of claim 7-2 filed by Internal Revenue Service on March 18, 2025, which totals $51,140.76.

13. Counsel for KDOR has agreed to the relief requested in this Motion, and an agreed form of proposed order granting the relief requested herein is tendered herewith and attached to this Motion.

**NOTICE AND OPPORTUNITY TO OBJECT**

14. Notice is hereby given that the foregoing has been filed with the Court. Any party objecting to this Application must file such objection in writing with the Clerk of the Court along with notice for hearing and shall serve a copy on all persons receiving electronic notifications in the Chapter 11 Case. The objection must set forth the grounds for the objection and must be filed

24718173.v4

within fourteen (14) days of the date of this Motion. In the event that no objections are filed, the Court may enter an order granting the Motion without a hearing.

## CONCLUSION

WHEREFORE, the Parties respectfully request that the Court enter an order, granting the Motion, allowing the KDOR Claim in the Allowed Amount, and ordering such other and further relief as may be just and proper.

Dated: May 21, 2025

Respectfully submitted,

/s/ James R. Irving
James R. Irving
April A. Wimberg
DENTONS BINGHAM GREENEBAUM LLP
3500 PNC Tower, 101 S. Fifth Street
Louisville, KY 40202
Telephone:  (502) 587-3606
E-mail:  james.irving@dentons.com
 april.wimberg@dentons.com

*Counsel to the Liquidating Trust*

-and-

/s/ *Donald S. Guier*
Donald S. Guier
KENTUCKY DEPARTMENT OF REVENUE
PO Box 5222
Frankfort, KY 40602
Telephone:
E-mail:

*Counsel for the Kentucky Department of Revenue*

## CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2025, a true copy of the foregoing Motion was served via electronic mail to all parties receiving service through the Court's ECF system.

/s/ James R. Irving
*Counsel to the Liquidating Trust*

24718173.v4